EDWIN T. SMITH vs. MAYOR OF HAVERHILL & others.

Essex.    December 8, 1904. — January 11, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Haverhill*, Police department.    *Statute*, Repeal.    *Municipal Corporations.    Civil Service Law.*

So much of the charter of Haverhill, St. 1869, c. 61, as related to the police force, particularly § 12 of that chapter amended by St. 1887, c. 357, was repealed by implication by St. 1894, c. 480, which covered the whole subject of the police department of that city.

The provision of St. 1904, c. 314, § 1, that " every person holding office or employment in the public service of the Commonwealth or in any county, city or town thereof, classified under the civil service rules of the Commonwealth, shall hold such office or employment and shall not be removed therefrom . . . except for just cause and for reasons specifically given in writing", does not extend the term of employment of a police officer appointed by the mayor and aldermen of a city for a specified number of years fixed by the provisions of the city charter.

LATHROP, J.    This is a petition for a writ of mandamus against the mayor of the city of Haverhill, the board of aldermen and the committee on police of that city, and also one Radcliffe, who was appointed a policeman of that city in place of the petitioner, on October 6, 1904.    The relief prayed for is that a writ of mandamus should issue commanding all the respondents except Radcliffe to recognize the petitioner as a member of the police force of the city of Haverhill, to permit him to perform the duties of his office, and to cease to recognize Radcliffe.    Relief is also prayed against Radcliffe, commanding him to abstain from acting as a member of the police force, and from usurping the office of the petitioner.    The case was reserved by a single justice of this court, for our consideration, upon the pleadings and certain agreed facts.

The petitioner was duly appointed on the regular police force in the year 1890, and has continued as such until October 6, 1904, when the respondent Radcliffe was appointed in his place.    The original appointment of the petitioner was under the provisions of the city charter, the St. of 1869, c. 61, § 12, as amended by the St. of 1887, c. 357.    The original act gave to the mayor and

aldermen "full and exclusive power to appoint a constable or constables, and a city marshal and assistants, with the powers and duties of constables, and all other police officers, and the same to remove at pleasure." The amendatory act inserted after the word "pleasure" the following : " provided that all members of the regular police force except the city marshal shall hold their respective. offices until they resign therefrom or are removed by the mayor and aldermen for sufficient cause and after a due hearing."

The St. of 1894, c. 480, which took effect on July 1, 1895, in § 1 provides: " The police department of the city of Haverhill shall consist of the city marshal and such assistants and regular police officers as the mayor and aldermen shall from time to time determine." Section 2 provides, on July 1, 1895, and in the month of July in each fourth year thereafter, for the appointment of a marshal by the mayor, subject to confirmation by the board of aldermen, " whose term of office shall commence with the first Monday of July in the year of his appointment and continue for four years and until his successor has been confirmed." The section then proceeds as follows : " Said mayor shall also on said first Monday in July in the year eighteen hundred and ninety-five appoint, subject to like confirmation, the whole number of regular police officers authorized to be appointed in said city, and shall divide such number of appointees into four equal divisions, one division to serve for a term of one year, one division for a term of two years, one division for a term of three years and one division for a term of four years from the date of confirmation and until their respective successors are confirmed. And thereafter, as the terms of the regular police officers so appointed expire, the mayor shall appoint, subject to confirmation by said board, their successors for a term of four years."

This act, by § 8, was to take effect on July 1, 1895, provided it was accepted by the qualified voters of the city at the annual municipal election in December, 1894. The act was duly accepted. The city of Haverhill voted that the regular police force consist of twenty-eight men, and thereafter on July 1, 1895, the petitioner was duly appointed and confirmed as a regular police officer under the provisions of said act, and in the years 1896 and 1900 the petitioner was duly appointed and confirmed for terms

of four years. The petitioner was also sworn to the faithful performance of his duties as an officer under these appointments. The last mentioned term of the petitioner expired on the first Monday of July, 1904, and he was not thereafter reappointed, but he continued to hold over until his successor was appointed on October 6, 1904.

The first contention of the petitioner is that as the St. of 1869, c. 61, § 12, as amended by the St. of 1887, c. 357, was not expressly repealed by the St. of 1894, c. 480, he could not be removed except for sufficient cause and after a due hearing. But we have no doubt that so much of the earlier statutes as related to the police force was repealed by implication by the St. of 1894, which covered the whole subject matter of the police force. *Bartlet* v. *King*, 12 Mass. 537, 545. *Ashley, appellant*, 4 Pick. 21, 23. *Nichols* v. *Squire*, 5 Pick. 168. *Commonwealth* v. *Cooley*, 10 Pick. 37, 39. *Commonwealth* v. *Kelliher*, 12 Allen, 480, 481.

The petitioner further contends that as the St. of 1894, c. 480, § 7, makes all appointments of regular police officers under the act subject to the provisions of the St. of 1884, c. 320, and the acts in amendment thereof and in addition thereto, he is entitled to his office under the St. of 1904, c. 314. Section 1 of this act reads as follows : " Every person holding office or employment in the public service of the Commonwealth or in any county, city or town thereof, classified under the civil service rules of the Commonwealth, shall hold such office or employment and shall not be removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other except for just cause and for reasons specifically given in writing."

It is agreed that the office or employment of a member of the regular police force of the city of Haverhill is and has been since March 30, 1885, an office or employment in the public service of the city classified under the civil service rules of the Commonwealth. But § 1 of the St. of 1904, c. 314, does not purport to change the provisions of the St. of 1894, c. 480, § 2, for the appointment of public officers, nor to limit or extend their term of office. We are of opinion that the words " shall hold such office or employment and shall not be removed therefrom " refer to the office or employment to which such person has been elected or

appointed and to the term of such office or employment, and does not apply to an officer whose term of office has expired. Any other construction would enlarge an appointment for a term of years into a life tenure, provided it was a classified office under the civil service rules.

The agreed fact that the petitioner always considered himself as holding office under his original appointment of July 31, 1890, is wholly immaterial.

*Petition denied.*

*J. J. Winn*, for the petitioner.
*E. S. Abbott*, for the respondents.