GEORGE D. LAHAR vs. JOHN H. ELDRIDGE & others.

Suffolk. November 27, 1905. — March 1, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Municipal Corporations. Taunton.*

Under the charter of the city of Taunton, St. 1882, c. 211, the provision, contained in section 1 of chapter 12 of the ordinances of that city, that the mayor and aldermen shall annually appoint policemen who shall continue in office until their successors are appointed and qualified, is valid.

St. 1904, c. 314, providing that a person holding office or employment classified under the civil service rules of the Commonwealth shall not be removed except for just cause and for reasons specifically given in writing, does not affect the expiration of the term of employment of a police officer appointed under an ordinance of a city authorized by the city charter which prescribes the length of the term.

PETITION, filed May 13, 1905, for a writ of mandamus as described in the first paragraph of the opinion.

The case came on to be heard before *Morton*, J., who by agreement of all the parties reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

*A. S. Apsey*, for the petitioner.

*W. J. Davison*, for the respondents.

KNOWLTON, C. J. This is a petition for a writ of mandamus to compel the mayor, the board of aldermen and the chief of police of the city of Taunton, to recognize the petitioner as a member of the police force of that city, and to restrain the respondent Coyle from acting as a police officer in the place of the petitioner.

Section 1 of chapter 12 of the city ordinances is in part as follows: " The mayor and aldermen shall annually as soon as may be after the organization of the city government and whenever a vacancy occurs appoint a chief of police, deputy chief, captains, lieutenants and policemen, such as they deem necessary, with all the powers and duties of constables, who shall continue in office respectively until their successors are appointed and qualified, unless sooner removed by the mayor and aldermen." In January of two successive years, 1903 and 1904, the petitioner was appointed as a police officer under this ordinance, and he continued to act as such an officer until January 3, 1905.

On January 4, 1905, the respondent Coyle was appointed in his place, in accordance with the terms of this ordinance, and was regularly qualified. If this ordinance, in its provisions for the appointment of officers, is legal and binding, the petitioner's term of office expired on the appointment and qualification of Coyle as his successor.

The petitioner contends that the appointment was for life, unless he should be removed by the mayor and aldermen for cause, and that he was removed without cause and without a hearing.

The question to be considered is whether the ordinance is valid. It was adopted under the St. 1882, c. 211, which provides in § 9 as follows : " The executive power of said city generally, and the administration of the police, with all the powers formerly vested in the selectmen of the town of Taunton, and heretofore vested in the mayor and aldermen of the city of Taunton, shall continue to be vested in and exercised by the mayor and aldermen of said city, as fully as if the same were herein specially enumerated. The mayor and aldermen shall have full exclusive power to appoint constables, and a city marshal or chief of police and assistants, with the powers and duties of constables, and all other police officers, and to remove the same when cause exists therefor. All other powers now vested in the inhabitants of said city, and all powers granted to them by this act, shall be vested in the mayor and aldermen and common council, . . . to be exercised by concurrent vote," etc. These provisions are found in almost identical words in the original charter of the city, St. 1864, c. 209, of which the later statute is a revision.

All purely executive power in regard to the police, including administration and appointment, is given to the mayor and aldermen. All other power is given to the two boards which together constitute the city council. The power of appointment of police officers in the selectmen, at the time of the adoption of the original charter, was to "hold their offices during the pleasure of the selectmen by whom they are appointed." Gen. Sts. c. 18, § 38. As the selectmen, acting together as a board, could hold office only one year at the time the charter was adopted, the term of police officers appointed by them was one year, unless sooner removed. Gen. Sts. c. 18, § 31. The charter of

the city did not give the mayor power to remove police officers at pleasure, which the selectmen previously had, but only power to remove them for cause. In other respects it did not make any change.

The petitioner contends that the authority to remove for cause is equivalent to an express statement, not only that an officer shall not be removed during his term of office, except for cause, but that his term of office shall be for life. We do not think that the Legislature intended so radical a change as this. In 1864, when this statute was passed, none of the present statutes and rules for the regulation of the civil service had been adopted, and elections and appointments were commonly for a specified term. We are of opinion that the provision as to the removal of police officers in the original charter, as well as in the revised charter, has reference only to removal during the term for which the officer is appointed. The statute is silent as to the length of time for which the appointments can be made. In view of the reference to the powers formerly vested in the selectmen, and of the fact that the term for which they could appoint was only during the pleasure of themselves, and as their term was only for a year, there is much ground for an argument that, under the charter, the mayor and aldermen could in no event appoint for a term longer than that. However that may be, in the absence of any express provision on the subject, we are of opinion that, under the original charter and the revised charter which give the city council as large power to pass ordinances as towns had to adopt by-laws, and include a right to pass ordinances " for directing and managing the prudential affairs, preserving the peace and good order, and maintaining the internal police," the city council might pass ordinances which should prescribe one year as the term of office for members of the police department. Gen. Sts. c. 18, § 11. Pub. Sts. c. 27, § 15. R. L. c. 25, § 23. St. 1882, c. 211, § 22.

The ordinance being valid at the time of its adoption, the term of office prescribed by it was not affected by the St. 1904, c. 314, which refers only to the term of office or employment under existing provisions of law or ordinance, and not to a case where the term of office has expired. *Smith* v. *Mayor of Haverhill,* 187 Mass. 323, 325.

*Petition dismissed.*