WILLIAM W. ROBERTSON *vs.* JOHN T. COUGHLIN & others.

Bristol.    October 28, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Municipal Corporations,* By-laws and ordinances.    *Fall River.    Mandamus.*

The rightful delegation by a city council to a board of commissioners of power to
appoint a subordinate officer without a specification of the length of the term for
which the appointment shall be made confers upon the appointing board author-
ity to fix any length of term that is reasonable.

Acting under St. 1871, c. 133, § 7, which provided for the appointment of a board
of commissioners to have charge of the waterworks system of the city of Fall
River subject to ordinances, rules and regulations of the city council, an ordi-
nance was enacted in 1874 which provided that an officer of the board to be
chosen by them should be a clerk, who should not be a member of the board
and who should hold office during its pleasure.   In 1885 the office of clerk be-
came classified under the civil service.   One, who had been elected as clerk
since 1879 for successive years for terms of one year each and annually had
qualified by taking the oath of office, petitioned for a writ of mandamus direct-
ing the board to recognize him as clerk in place of another person, who, with-
out notice to him, had been elected in his stead by the board at the expiration
of the term of one year fixed by them in 1907, and contended in support of his
petition that the board had no power to fix his term at one year and that he
had been removed without the cause thereof being stated to him and without
his being given an opportunity to be heard, contrary to the provisions of St.
1904, c. 314.   *Held,* that the board had power to fix the term of office of its
clerk at one year, that the evidence showed that they had done so and that
the petitioner had acquiesced in their action, and that therefore the petitioner
was not removed, but that his term of office had expired, and that the petition
must be denied.

PETITION filed in the Supreme Judicial Court for the county
of Bristol May 22, 1907, for a writ of mandamus directing the
respondents to recognize the petitioner as the clerk of the
Watuppa Water Board of the city of Fall River.

There was a hearing before *Braley,* J., who reported the case
for determination by the full court.

It appeared that the offices of clerk of the Wattuppa Water
Board and of water registrar, which were, as stated in the
opinion, held by the petitioner for twenty-eight successive years
before the filing of this petition, were classified under the civil
service rules of the Commonwealth in 1885; that since that
time the petitioner's name has been on the civil service classi-

fied list as holding said positions. Other facts are stated in the opinion.

*J. M. Swift*, for the petitioner.

*H. A. Dubuque*, for the respondents.

KNOWLTON, C. J. For twenty-eight years the petitioner has served as clerk of the Watuppa Water Board of Fall River, to which office he was annually elected by the members of the board during all this period. At the last annual organization of the board he was not elected, but the respondent Kirby was chosen in his place. He brings this petition for a writ of mandamus to compel the board to recognize him as its clerk, instead of Kirby, on the ground that he held an office for a term extending indefinitely into the future, from which he could not be removed except for cause, upon a hearing. He relies upon the St. 1904, c. 314, which protects persons holding office or employment in the classified public service of the Commonwealth, or in any city, county or town thereof, from arbitrary removal during their term.

But this statute applies only to a removal during the term of the office or appointment, and does not apply to an officer whose term of office has expired. *Smith* v. *Mayor of Haverhill*, 187 Mass. 323. *Lahar* v. *Eldridge*, 190 Mass. 504. The respondents contend that the petitioner's term of office expired on the election and qualification of his successor, and that therefore he was not removed from his office. This contention rests upon a construction of the ordinance of the city relative to the water board, taken in connection with the action of the board and of the petitioner under it.

This ordinance was ordained in 1874 under the St. 1871, c. 133, § 7, and it has been reordained without material change in successive revisions of the city ordinances. In the latest revision §§ 4 and 5 of c. 46 are as follows :

" Section 4. The officers of the board shall be a president and a clerk, who shall be chosen by the members thereof by ballot. The clerk shall not be a member of the board.

" Section 5. A superintendent may be appointed by the board, who, with the clerk thereof, and all such subordinate officers, agents and assistants as may be found necessary, and whom said board is hereby authorized to appoint shall hold their

respective offices or situations during its pleasure; shall perform such duties, respectively, as the board shall assign; and receive such compensation as the board, in absence of any order of the city council in relation thereto, shall determine."

Under c. 1, § 2, of the Revised Ordinances of 1904, these sections are to be treated as a continuation of the original ordinance.

The petitioner contends that under this ordinance the board could not manifest their pleasure effectively as to the length of his term of office by determining that it should be for one year, and he insists that all the time since his first election, he has been holding an office for life, from which, under the present statute, he could not be removed except for cause and after a hearing.

This ordinance must be construed in reference to the time when it was ordained. This was in 1874, ten years before the enactment of the earliest statute in Massachusetts for the improvement of the civil service. The ordinance leaves to the water board the determination in part of what subordinate officers, agents and assistants shall be appointed, and provides specially for a superintendent and clerk. By § 6 the clerk is made the water registrar. Inasmuch as there was at that time no law to control the manifestation of the pleasure of the board under this ordinance, if the contention of the petitioner is correct that it was not in the power of the board to prescribe the term for any one of these officers, agents or assistants, and if each one must be appointed for an entirely indefinite time, it would follow that no one of them could be appointed or employed with any certainty of retaining his place for a single week. Upon the petitioner's construction of the ordinance, it was impossible for the board to declare its pleasure in advance by making an appointment or contract with any one of these persons which should limit the arbitrary exercise of their volition for a single day in the future, if at any time they chose to remove him. It is hardly possible that the city council, in framing the ordinance, should have had such a purpose. It would greatly limit the efficiency of the board in their efforts to procure competent and trustworthy subordinates, if the board was forbidden to give them an assurance of any degree of per-

manence in the places to which they were appointed. A far more reasonable construction of the ordinance is that the board might indicate their pleasure and exercise their power in any reasonable way, and might determine in advance, if they chose, that the term of office or employment for a particular service, should be a year, or some shorter stated time, if the duties of the office were properly performed. In such a case, under the ordinance, they could exercise their power to terminate the relation for a good cause. *Freeman* v. *Bourne*, 170 Mass. 289. *Knowles* v. *Boston*, 12 Gray, 339. It has been held that the delegation of power to appoint a subordinate officer, if the length of his term is not fixed, confers upon the appointing power authority to determine its duration. 23 Am. & Eng. Encyc. of Law, (2d ed.) 405. *State* v. *Williford*, 104 Tenn. 695. *State* v. *Manlove*, 33 Texas, 798. *Williams* v. *Newport*, 12 Bush, (Ky.) 438. *Ex parte Hennen*, 13 Pet. 230. See *Lahar* v. *Eldridge*, 190 Mass. 504, 506. Of course the board would be obliged to act reasonably in fixing a term of office or employment. Probably, in endeavoring to procure proper incumbents for these places, they could prescribe terms extending for a reasonable time into the future. Certainly they could make a term extend through a year, during which time, under the statute, there would be no change in the membership of the board.

This construction of the ordinance is the only one, under the statutes then existing, that would give a subordinate officer or employee tenure for a single day after the board should choose to declare their pleasure to dismiss him immediately. It accomplishes a part of the purpose of the Legislature manifested in the enactment of the St. 1904, c. 314, upon which the petitioner founds his claim. If this last statute had been in effect when the ordinance was first ordained, there would be more ground for the petitioner's argument.

In accordance with this construction of the ordinance the petitioner was elected for twenty-eight years in succession, only for terms of one year each, and he annually took the oath of office as for a new term. In the performance of his official duty he made a record of each of these successive elections. He now takes an extreme position inconsistent with his former conduct, when he contends that he has been holding office all the time

under his first election, and that the subsequent elections and qualifications by oath were contrary to the statute and ordinance. This long continued action of the board, with his acquiescence, indicates a fixing of the term of office of the clerk at one year in the beginning, and for the purposes of this case the ordinance must be construed as if it expressly authorized the election and appointment of subordinate officers and agents for such reasonable fixed terms, not exceeding a year, as the board should prescribe.

The petitioner's term of office expired with the election of his successor, and the statute upon which he relies is inapplicable.

*Petition dismissed.*