SAMUEL C. LOGAN *vs.* MAYOR AND ALDERMEN OF
LAWRENCE & another.

JOHN J. SULLIVAN *vs.* SAME.

Essex.    March 8, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Civil Service*, Police. *Municipal Corporations*, Officers and agents. *Constitutional
Law*, Class legislation. *Lawrence. Mandamus. Bond.*

The provision of R. L. c. 19, § 9, that " chief marshals, or chiefs of police . . . shall
not be affected as to their selection or appointment by any rules " made by the
civil service commissioners, does not apply to assistant marshals.

St. 1906, c. 210, providing that " every police officer now holding or hereafter ap-
pointed to an office classified under the civil service rules of the Commonwealth,
in any city, and whether appointed for a definite or stated term, or otherwise,
shall hold such office continuously during good behavior, and shall not be re-
moved therefrom, lowered in rank or compensation, or suspended, or, without
his consent, transferred from such office or employment to any other, except for
just cause and for reasons specifically given in writing by the removing officer
or board," is not unconstitutional as creating " advantages, or particular and
exclusive privileges, distinct from those of the community " in contravention
of art. 6 of the Declaration of Rights.

St. 1906, c. 210, providing that " every police officer now holding or hereafter ap-
pointed to an office classified under the civil service rules of the Commonwealth,
in any city, and whether appointed for a definite or stated term, or otherwise,
shall hold such office continuously during good behavior, and shall not be re-
moved therefrom, lowered in rank or compensation, or suspended, or, without
his consent, transferred from such office or employment to any other, except for
just cause and for reasons specifically given in writing by the removing officer
or board," must be deemed to be in amendment of all city charters whose pro-
visions it modifies, and it thus amends all provisions inconsistent with it in the
charter of the city of Lawrence contained in St. 1853, c. 70, and the amendatory
act of 1887, c. 397, the city of Lawrence having accepted the provisions of the
civil service law contained in R. L. c. 19 in the manner provided by § 36 of that
chapter.

An assistant marshal of a city, where the civil service laws are in force, who has
been removed from his office without his consent, without reasons specifically
given in writing and without a hearing, in violation of the provisions of St. 1906,
c. 210, is entitled to a writ of mandamus ordering his reinstatement.

An assistant marshal was appointed in a city where and when St. 1906, c. 210,
was in force, which provides that " every police officer now holding or hereafter
appointed to an office classified under the civil service rules of the Commonwealth,
in any city, and whether appointed for a definite or stated term, or otherwise,
shall hold such office continuously during good behavior." At the time he was
appointed he was required by a city ordinance to give a bond in a certain sum
before entering on the performance of his duties and within ten days after his
election. The ordinance provided that, " should any officer fail to give such

bond within the time herein required, the election shall be void, and a new election shall be held forthwith." The assistant marshal gave a bond within the required time. In the following year there was the form of a reappointment, which, however, was of no effect, because the assistant marshal's tenure of office had been prolonged by the provision of St. 1906, c. 210, above quoted. After this nominal reappointment he gave no bond, and he continued to hold his office until he was removed by the mayor and aldermen without reasons specifically given in writing as required by the provisions of the same statute, and brought a petition for a writ of mandamus to compel his reinstatement. *Held*, that it was not necessary to consider whether the sureties on the petitioner's bond could have been held for any default on his part after the end of the term for which his appointment originally was made, for, even if there had been any statute or ordinance requiring him to give a new bond as a condition of his tenure in office, which it did not appear that there was, he could not be removed from his office for his failure to give a new bond except in the manner provided by St. 1906, c. 210, so that a writ of mandamus should be issued for his reinstatement.

TWO PETITIONS, filed on January 9, 1909, respectively by Samuel C. Logan and John J. Sullivan, both against the mayor and aldermen of the city of Lawrence, and also respectively against one Charles R. Vose and one William A. Schenck, for writs of mandamus commanding the respondent mayor and aldermen to restore the respective petitioners to the office and duties of assistant marshal of Lawrence, a position of rank in the police force of that city, and commanding the respondents Vose and Schenck respectively to surrender such office to the respective petitioners and to refrain from interfering with the discharge of the duties of such office by them respectively.

The cases were submitted together upon an agreed statement of facts to *Sheldon*, J., who reserved the questions of law arising on the petitions, the answers and the agreed statement of facts for determination by the full court.

*M. A. Cregg*, (*L. S. Cox* with him,) for the petitioners.

*F. N. Chandler*, for the respondents.

SHELDON, J. The petitioner Logan was duly appointed a police officer of the city of Lawrence in the year 1889, and ever since has held that position. In January, 1906, he was also duly appointed by the mayor and aldermen to be an assistant marshal of police. He was reappointed in January, 1907, and continued to serve in that capacity, although no specific appointment was made in January, 1908, until January 4, 1909, when he was formally removed from office by the mayor and aldermen, and

the respondent Vose was appointed in his place.  This removal was made without his consent and against his protest, without reasons specifically given in writing, and without a hearing.

The charter of the city of Lawrence, St. 1853, c. 70, § 8, reads in part as follows: " The executive power of the said city generally, and the administration of the police, with all the power heretofore vested in the selectmen of Lawrence, shall be vested in, and may be exercised by, the mayor and aldermen, as fully as if the same were herein specially enumerated.  The mayor and aldermen shall have full and exclusive power to appoint a constable and assistants, or a city marshal and assistants with the powers and duties of constables, and all other police officers, and the same to remove at pleasure.  And the mayor and aldermen may require any person who may be appointed marshal or constable of the city, to give bonds for the faithful discharge of the duties of the office, with such security and to such amount as may be deemed reasonable and proper ; upon which bonds the like proceedings and remedies may be had as are by law provided in the case of constables' bonds taken by the selectmen of towns." It is provided in the city ordinances of Lawrence that " the mayor and aldermen may appoint one or more assistant marshals to be selected from the constables of the city.  The said assistant marshals shall assist the marshal in the execution of his office, or in his absence officiate in his stead, and shall each give bond in a sum not less than five hundred dollars, with sufficient sureties to be approved by the mayor and aldermen for the faithful performance of the duties of their office."  Ordinances of Lawrence, c. 6, § 3.  Under these provisions appointments of all police officers in Lawrence were made annually until it was provided by St. 1887, c. 397, that all members of the regular police force of that city, excepting the city marshal or chief of police, should thereafter be " appointed by the mayor subject to confirmation by the board of aldermen, to hold office during good behavior " ; and that such officers might " be removed by the mayor and board of aldermen, after a due hearing, for such cause as they . . . [might] deem sufficient and . . . [should] express in the order of removal."  Even after the passage of this statute, annual appointments of the assistant marshals, as well as of the city marshal, continued to be made until 1907.

Rule 1 of the Police Manual of the city of Lawrence provides that " the city marshal . . . shall be the chief executive officer of the police department." Rule 2 provides that " there shall be two assistant marshals who shall be under the immediate direction of the city marshal," and then proceeds to fix their duties in some detail. It is agreed by the parties that these rules have been duly passed and published and are binding. It is also agreed that this office of assistant marshal has been classified under the civil service laws and rules by the civil service commissioners, and that Logan successfully passed the examination required by the civil service rules, and has duly qualified and served thereunder, so far as those laws and rules require. See as to the binding force of these rules and classifications, *Opinion of the Justices,* 145 Mass. 587, 590 ; *Attorney General* v. *Trehy,* 178 Mass. 186 ; *Ransom* v. *Boston,* 192 Mass. 299, 304.

The Legislature then, by St. 1904, c. 314, enacted in substance that a person holding office or employment classified under the civil service rules should not be removed except for just cause, for reasons specifically given in writing, and after hearing upon notice. But it was held that this statute did not operate to extend the prescribed term of an appointed officer, but merely protected the holder of office or employment during the period of his appointment. *Lahar* v. *Eldridge,* 190 Mass. 504. *Smith* v. *Mayor of Haverhill,* 187 Mass. 323. It was after the decision of these cases that the St. of 1906, c. 210, was passed, providing that " every police officer now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, in any city, and whether appointed for a definite or stated term, or otherwise, shall hold such office continuously during good behavior, and shall not be removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other, except for just cause and for reasons specifically given in writing by the removing officer or board." And see St. 1907, c. 272. If this act of 1906 is applicable to the petitioner's case, it is manifestly decisive in his favor.

The respondents contend that the petitioner is not protected by this statute because it is applicable in terms only to appoint-

ments to " an office classified under the civil service rules of the Commonwealth." They correctly argue that this can include only classifications made under authority of law ; and they contend that the office of assistant marshal in Lawrence cannot be so classified because it is provided by statute that " chief marshals, or chiefs of police . . . shall not be affected as to their selection or appointment by any rules " to be made by the civil service commissioners. R. L. c. 19, § 9. Their contention is that the assistant marshals are next in authority to the marshal and have with and under him control of the entire police force of the city, and so should be regarded as themselves chief marshals or chiefs of police. But manifestly we cannot amend a statute which excepts only chiefs of police or chief marshals from its operation by making the additional exception of their assistants or deputies, any more than we could construe the militia laws as putting lieutenant colonels upon the same level with colonels, or lieutenants with captains. The Legislature have *ex industria* limited the exemption to marshals and chiefs ; and that is the end of this contention.

The respondents suggest rather than urge that St. 1906, c. 210, is unconstitutional, as creating a special class by giving to police officers " advantages, or particular and exclusive privileges, distinct from those of the community " in contravention of art. 6 of the Declaration of Rights. They contend that the statute establishes for police officers a special tenure to any other office classified under the civil service rules, whether in the police department or in any other department of the city government, and so gives special and exclusive privileges to police officers, and comes within the rule of *Brown* v. *Russell*, 166 Mass. 14. But this statute was passed with reference to the control and management of police departments, and must be limited to offices in those departments. A construction of the statute which would make it unconstitutional is not to be adopted without necessity. *Commonwealth* v. *Homer*, 153 Mass. 343, 344. And see the discussion in Thayer's Legal Essays, pp. 17 *et seq.* Nor can the power of the Legislature, to fix and either enlarge or diminish the tenure of offices like this, be doubted. *Graham* v. *Roberts*, 200 Mass. 152, 157, and cases cited. *Ware* v. *Fitchburg*, 200 Mass. 61, 67, 68.

But the respondents' main contention is that the act of 1906 does not apply to the city of Lawrence because under its charter, St. 1853, c. 70, and the amendatory act of 1887, c. 397, the administration of the police in that city is fixed in the mayor and aldermen, to whom the power is given of appointing both city marshal and assistant marshals, and that the act of 1906 is not stated in terms either to be in amendment of those statutes or to be intended to apply to that city. This case, they contend, comes under the doctrine that statutes of a general nature do not repeal by implication charters and special acts passed for the benefit of particular municipalities. *Goddard, petitioner,* 16 Pick. 504. *Copeland* v. *Mayor & Aldermen of Springfield,* 166 Mass. 498.

But the St. of 1906 is not legislation such as was spoken of in the cases just referred to. This was enacted as a part of the broad scheme designed to bring about a reform in the civil service not only of the Commonwealth itself but quite as much of its cities and towns. See R. L. c. 19, and the many acts passed in amendment and extension thereof. This body of laws was intended to be of general application, except as restricted by R. L. c. 19, § 36, and St. 1902, c. 544, § 3. To say that any city was to be exempted from the provisions of either the whole or any particular part of this legislation would be to frustrate the manifest intent of the Legislature. Almost all of the cities of the Commonwealth have in their charters provisions similar in kind to those which appear in the charter of the city of Lawrence, with reference both to the police department and to other branches of the civil service. General legislation like that which we are now considering must be deemed to be in amendment of all those charters, so far as it modifies their provisions, especially when we find in the codification of what may be termed the mother statute (R. L. c. 19, § 36) an express statement that in cities of less than a certain named population it shall be in force only when accepted by the city council with the approval of the mayor. It is not contended that it has not been so accepted in Lawrence.

Accordingly, we cannot doubt that the St. of 1906, c. 210, extended to and had force in the city of Lawrence; and it follows that the petitioner Logan is entitled to the writ of mandamus for which he asks. *Lattime* v. *Hunt,* 196 Mass. 261.

Sullivan's case differs from that of Logan, in only one respect. He was required by the city ordinance already referred to (c. 6, § 3) to give a bond in a sum not less than $500; and by the city ordinances, c. 43, § 1, it was provided that "every bond required of city officers . . . shall be executed, approved and delivered before any such officer shall enter upon the duties of his office, and within ten days after his election. Should any such officer fail to give such bond within the time herein required, the election shall be void, and a new election be held forthwith." Sullivan was appointed an assistant marshal in 1906, and then gave bond in proper form. Though a nominal reappointment was made in 1907, he gave no new bond, doubtless considering, and we think rightly, that his tenure of office had been prolonged by the St. of 1906, c. 210, which was passed in the meantime, so that his reappointment was a mere idle ceremony. He continued to hold his office without giving any new bond, until January, 1909, when, like Logan, he was unlawfully removed from office by the mayor and aldermen.

We need not consider whether the sureties upon his bond could have been held for any default on his part after the end of the term for which his appointment in 1906 was originally made. See *Chelmsford Co.* v. *Demarest*, 7 Gray, 1; *Lexington & West Cambridge Railroad* v. *Elwell*, 8 Allen, 371; *Richardson School Fund* v. *Dean*, 130 Mass. 242; *O'Brien* v. *Murphy*, 175 Mass. 253, 254. He was properly in office when the St. of 1906 was passed. Our attention has not been called to any statute or ordinance which required him to give a new bond as a condition of his tenure of office. If he could properly have been required to give a new bond, yet he could not be removed from his office in 1909 for a failure to do so, except in the manner provided by St. 1906, c. 210.

Accordingly, in each case a writ of mandamus must be issued as prayed for; and it is

*So ordered.*

NOTE. A similar decision was made on the same day in the cases named below. In these cases the petitioners instead of being assistant marshals were sergeants of police, who had qualified and served as such officers under the civil service laws and rules and who were removed from their offices by the mayor of Lawrence without reasons specifically given in writing.