ATTORNEY GENERAL *vs.* EDWIN L. TILLINGHAST, JR.

Bristol.   October 26, 1909. — November 23, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Civil Service.   Statute,* Construction.   *Public Officer.   Municipal Corporations.*
*New Bedford.*

The position of assistant auditor of the city of New Bedford was created by an
ordinance, passed in 1908, which provided that " the city auditor may appoint,
subject to confirmation by the city council, an assistant city auditor, who may
be removed by the city auditor."   A subsequent ordinance provided that " the
assistant city auditor shall be under the direction of the city auditor and shall
assist him in his duties ; and in the absence of the city auditor or vacancy in
that office he shall discharge the duties of the city auditor."   Other ordinances
provided that the city auditor should be elected annually by the city council.
*Held,* that the assistant auditor of New Bedford appointed under these ordi-
nances was an officer of that city whose appointment was subject to confirma-
tion by the city council, within the meaning of R. L. c. 19, § 9, and therefore that,
under the exception in that section, the rules made by the civil service commis-
sioners under R. L. c. 19, §§ 6, 7, did not apply to his selection or appointment.
The provision in R. L. c. 19, § 9, that officers of a city, whose appointment is sub-
ject to confirmation by the city council, " shall not be affected as to their selec-
tion or appointment by any rules made " by the civil service commissioners, is
not limited to those officers whose appointment was subject to such confirma-
tion when the statute was enacted, and applies to an officer thus appointed to an
office which was created by an ordinance passed in 1908.
An assistant auditor of a city, who is appointed under ordinances of the city which
provide that he is to be under the direction of the auditor and is to assist him
in his duties, and, in the absence of the auditor or during a vacancy in that
office, is to discharge those duties temporarily, is an officer of the city within the
meaning of R. L. c. 19, § 9, which provides that officers, whose appointment is
subject to confirmation by the city council, shall not be affected as to their selec-
tion or appointment by any rules made by the civil service commissioners.
The charter of the city of New Bedford, St. 1844, c. 60, although it contains no
express mention of the office of assistant city auditor, grants to that city the
power to create such an office by ordinance.
From the fact that the Legislature deemed it wise to give to cities by R. L. c. 26,
§ 16, express authority to establish by ordinance the office of assistant city
clerk, it cannot be inferred that such an express mention of the name of the
office must be made in order that the charter of a city should grant to it the
power to create by ordinance the office of assistant city auditor.

INFORMATION in the nature of quo warranto, filed in the
Superior Court for the county of Bristol on April 15, 1909,
by the Attorney General, at the relation of the civil service
commissioners, to determine by what right Edward L. Til-

linghast, junior, held the position or employment of assistant city auditor of the city of New Bedford.

The answer of the defendant set forth the creation and character of the office of assistant city auditor of the city of New Bedford and the manner of the defendant's appointment to that office, as stated in the opinion.

The Attorney General demurred to the answer, and for causes of demurrer alleged:

" 1. That it does not appear from the answer that the defendant is entitled to have, use and enjoy the position or employment of assistant city auditor of the city of New Bedford, and the rights, privileges and emoluments thereof.

" 2. That it does not appear from the answer that the position or employment of assistant city auditor of the city of New Bedford is not within the civil service law and rules.

" 3. That it does not appear that the assistant city auditor of the city of New Bedford is an officer 'whose appointment is subject to confirmation by the . . . city council' of any city, within the meaning of R. L. c. 19, § 9, or that he is within any other of the exemptions from the application of the civil service rules, provided for in said section.

" 4. That it does not appear from the answer that the city council of the city of New Bedford had authority to create the office of assistant city auditor of said city.

" 5. That it does not appear from the answer that the assistant city auditor of the city of New Bedford holds an office as distinguished from a position or employment."

In the Superior Court *Richardson*, J., sustained the demurrer, and ordered a judgment of ouster against the defendant. This judgment was entered on September 30, 1909; and the defendant appealed.

The case was submitted on briefs.

*J. B. Tracy*, for the defendant.

*D. Malone*, Attorney General, *& F. T. Field*, Assistant Attorney General, for the plaintiff.

SHELDON, J. The fundamental question in this case is whether the position of assistant city auditor in New Bedford is within the civil service rules, R. L. c. 19, and the statutes passed in amendment and addition thereto. The seventh

rule of the civil service commissioners, prepared and in force under §§ 6 and 7 of that statute, includes among the positions to be filled in accordance therewith, "cashiers, paymasters, accountants, auditors, examiners of accounts, bookkeepers, and persons doing similar work in the service of the Commonwealth and of any city thereof." But the statute expressly provides in § 9 that "judicial officers and officers elected by the people or by a city council, or whose appointment is subject to confirmation by the executive council or city council of any city," and other officers specified, "shall not be affected as to their selection or appointment by any rules made as aforesaid; but, with the above exception, such rules shall apply to members of police and fire departments."

The position of assistant auditor in New Bedford was created by an ordinance of that city passed on December 11, 1908, which provided that "the city auditor may appoint, subject to confirmation by [the] city council, an assistant city auditor, who may be removed by the city auditor." A subsequent ordinance, passed January 28, 1909, provides that "the assistant city auditor shall be under the direction of the city auditor and shall assist him in his duties; and in the absence of the city auditor or vacancy in that office he shall discharge the duties of the city auditor." Other ordinances provide that the city auditor shall be elected annually by the city council, and fix and define his duties.

If the assistant auditor of New Bedford is an officer of that city, within the meaning of R. L. c. 19, § 9, whose appointment is subject to confirmation by the city council, then his appointment need not be made under the civil service rules; and upon the averments of the answer the information could not be maintained. If he is not such an officer, the judgment of ouster must be affirmed.

It has been suggested by the Attorney General that the language of this statute is to be applied only to officers whose appointment was subject to confirmation when the statute was enacted, and should not be extended to cases like that of this defendant, whose office was not created and made subject to such confirmation until 1908, some years after the statute had taken effect. Such a construction of a somewhat similar statute

was adopted by a majority of the Supreme Court of Illinois, in *People* v. *Kipley*, 171 Ill. 44, so far as concerned offices which existed when the act was passed and which did not then require confirmation by the city council. And it is contended that the argument for this construction is supported by the statement in *Ayers* v. *Hatch*, 175 Mass. 489, 491, that the words in the same statute, " officers who are elected by the people," signify officers whom the people are and have been accustomed to elect.

But we are unable to accept this construction. A similar contention was denied by the Supreme Court of Indiana in *Indianapolis Brewing Co.* v. *Claypool*, 149 Ind. 193, 198. The words naturally would include officers who, when the question arises, are required to be confirmed, not merely those who were so required in 1884, when the original statute was passed, or in 1893, when the words " elected by the people or by a city council " were first used. Sts. 1884, c. 320; 1893, c. 95. If in any case confirmation ceased to be required, the statutory exemption also would cease. So if in or after 1893 the Legislature had seen fit to provide that in all cities certain public officers who previously had been appointed by their immediate superiors without any confirmation should thereafter be elected by the people or the city council, the effect of such legislation would be to bring such officers within the exception which we are considering. The provision is the same as to officers whose appointment is subject to confirmation as with reference to elective officers ; it must be construed in the same way when applied to each class. And a change lawfully made by a city council must be treated in the same way as one made by the Legislature; for whatever is lawfully done by a city council is done by authority from the Legislature, which controls its municipal subdivisions. *Graham* v. *Roberts*, 200 Mass. 152. *Ware* v. *Fitchburg*, 200 Mass. 61, 67. Doubtless a city council could not evade the statute by providing that a mere employee should be either elected or confirmed by the city council. Such attempts apparently have been made without success. 1 Opinions of Atty. Gens. 71, 73. Attorney General's Report, 1908, 17. But no such question is presented here. And when the original statute was codified into R. L. c. 19, § 9, the same phraseology was preserved, and the present tense was still used. This would indicate that the Legislature

did not intend in 1902, when the Revised Laws were enacted, that that section should be construed to read " officers who in 1884 were elected . . . or whose appointment was then subject to confirmation." And the repeal of the previous statutes (R. L. c. 227) and the enactment (R. L. c. 226, § 2) that the provisions of the Revised Laws should be construed as a continuation of the existing statutes and not as new enactments equally preclude the idea that the section before us can be read as referring only to elections or confirmations already provided for on December 31, 1901, from and after which the Revised Laws, by c. 226, § 1, took effect.

We are brought then to the questions whether the position of assistant city auditor of New Bedford is an office as distinguished from a mere employment, and if so, whether that office has been lawfully created by the city ordinance of 1908 already referred to.

The distinction between an office and an employment has been recognized in our decisions. *Brown* v. *Russell*, 166 Mass. 14. *Opinion of the Justices*, 166 Mass. 589. *Attorney General* v. *Drohan*, 169 Mass. 534, 535. *Ransom* v. *Boston*, 192 Mass. 299. *Garvey* v. *Lowell*, 199 Mass. 47, 51. *Logan* v. *Lawrence*, 201 Mass. 506. But it has not been found necessary to state exactly the distinction between these two branches of the civil service, or to formulate an exact definition of either of them. Nor do we think that it is now necessary. There are certain criterions which have been established both upon reason and by authority, and have been applied as tests in decided cases ; and some of these tests in our opinion furnish sufficient grounds for the decision of the case at bar.

The holder of an office must have entrusted to him some portion of the sovereign authority of the State. His duties must not be merely clerical, or those only of an agent or servant, but must be performed in the execution or administration of the law, in the exercise of power and authority bestowed by the law. *Opinion of the Justices*, 3 Greenl. 481. *State* v. *Jennings*, 57 Ohio St. 415. *State* v. *Hocker*, 39 Fla. 477. *Lindsey* v. *Attorney General*, 33 Miss. 508. *Barnhill* v. *Thompson*, 122 N. C. 493. *United States* v. *Maurice*, 2 Brock. 96. A mere employee has no such duties or responsibilities. A public officer is one " whose

duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in whose proper performance all citizens irrespective of party are interested, either as members of the entire body politic or of some duly established subdivision of it." Morton, J., in *Attorney General* v. *Drohan*, 169 Mass. 534, 535. The functions of a city auditor as established by statute (R. L. c. 25, § 79; Sts. 1904, c. 322; 1909, c. 371, § 6; R. L. c. 26, § 2) would bring that position under this rule. The duties imposed by the ordinances of New Bedford of 1907, of which a copy was annexed to the defendant's answer, have the same effect. The assistant auditor is to be under the direction of the auditor and to assist him in his duties, and, in the absence of the auditor or during a vacancy of that office, temporarily to discharge those duties. These are public functions, involving the exercise of some part of the sovereign power of the Commonwealth. The fact that the authority of one officer is subordinate to that of another does not prevent him from being an officer. A subordinate or inferior officer is none the less an officer. This was assumed in *Attorney General* v. *Douglass*, 195 Mass. 35, and *Logan* v. *Lawrence*, 201 Mass. 506, though the officers there in question were held to come under the civil service acts. So it has been held in England that an auditor of a limited company is an officer and not a mere employee of the company. *In re Kingston Cotton Mill Co.* [1896] 1 Ch. 6.

Other important tests are the tenure by which a position is held, whether its duration is defined by the statute or ordinance creating it, or whether it is temporary or transient or for a time fixed only by agreement; whether it is created by an appointment or election, or merely by a contract of employment by which the rights of the parties are regulated; whether the compensation is by a salary or fees fixed by law, or by a sum agreed upon by the contract of hiring. *Johnson* v. *Kimball*, 170 Mass. 58, 62. *Throop* v. *Langdon*, 40 Mich. 673. *Montgomery* v. *State*, 107 Ala. 372. *Patton* v. *Board of Health*, 127 Cal. 388. *State* v. *Hocker*, 39 Fla. 477. *Indianapolis Brewing Co.* v. *Claypool*, 149 Ind. 193. *Shelby* v. *Alcorn*, 36 Miss. 273. In the last cited case, the court said that it was universally true "that where an employment or duty is a continuing one, which is defined by

rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer." Language to substantially the same effect was used by the court in *State* v. *Brennan,* 49 Ohio St. 33. But judged by the application of this test the position here in question was an office. It was to be filled by appointment subject to confirmation; the holder was to receive an annual salary of fixed amount; his tenure of office was to be subject only to the auditor's power of removal. His appointment had none of the elements of a contract. There can be no doubt that the Legislature, under its control of the mode of government of all cities and towns and the tenure of office of all municipal officers, might, after the creation of this office by the city of New Bedford, have abolished the office, and prevented its future creation by any city or town, and in such case the incumbent of the office so abolished would have lost his position. *Graham* v. *Roberts,* 200 Mass. 152, 157, and cases cited. *Ware* v. *Fitchburg,* 200 Mass. 61, 67. *Logan* v. *Lawrence,* 201 Mass. 506, 510. But the obligation of a contract of employment between an individual and a city is of course not to be impaired by subsequent legislation. *Hall* v. *Wisconsin,* 103 U. S. 5.

Upon the averments of the defendant's answer as amended, we are of opinion that he was an officer and not a mere employee. See, besides the cases already referred to and those cited in *Garvey* v. *Lowell,* 199 Mass. 47, 51, those collected in 29 Cyc. 1366, 1367.

But it is contended that the city of New Bedford had no authority to create this office, that no such office rightly exists, and that for this reason the defendant cannot be regarded as the holder of an office, but must be treated as an employee. We are not impressed by this contention. Towns are authorized to elect auditors. R. L. c. 11, § 334, now embodied in St. 1907, c. 560, § 362. Cities are subject to this requirement. R. L. c. 26, § 2. The city charter of New Bedford (St. 1847, c. 60) in § 2 vests the administration of its fiscal, prudential and municipal affairs in the mayor and the city council, and in § 8 provides that the city council shall " appoint or elect all subordinate officers, not herein otherwise directed," and " define their duties and compensations," where these are not defined and fixed by

law.   And this court has said that even if such authority had not been specifically given, it would be " covered by the general grant establishing the city and vesting its government and the administration of its affairs in its legislative and executive departments." *Attorney General* v. *Trehy*, 178 Mass. 186, 192. No doubt every office must be created by the authority of the Commonwealth, either directly expressed in its Constitution or legislation or delegated to some subordinate body like a city council ; but we are of opinion that here there has been such a delegation.   Nor can we infer the absence of this delegation from the fact that the Legislature deemed it wise to give express authority to cities to appoint assistant city clerks.   R. L. c. 26, § 16.

Accordingly, we conclude that the defendant upon the facts averred in his answer is an officer whose appointment is subject to confirmation by the city council, and that his appointment is not subject to the rules of the civil service commission.   R. L. c. 19, § 9.   It follows that the order sustaining the demurrer to that answer and the judgment of ouster which was entered against the defendant must both be reversed, and the demurrer of the Attorney General must be overruled.

*So ordered.*