DANIEL W. BATES *vs.* SELECTMEN OF WESTFIELD & another.

Hampden.    October 13, 1915. — November 29, 1915.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Veteran.    Civil Service.    Sealer of Weights and Measures.*

St. 1910, c. 500, providing that "No veteran who holds an office or employment in the public service of the Commonwealth or of any city or town therein, shall be removed . . . except after a full hearing," was designed to protect only those persons who were appointed under the civil service law as veterans, and does not apply to a person who, being a veteran but irrespective of that fact, was appointed under R. L. c. 62, § 18, a sealer of weights and measures of a town for one year and who continued to perform the duties of that office without another appointment for five years after his term of office had expired and for more than a year after St. 1914, c. 452, took effect.

St. 1914, c. 452, providing that in cities and in towns having over ten thousand inhabitants sealers of weights and measures shall be appointed to hold office during good behavior, instead of for one year as provided previously by R. L. c. 62, § 18, had no effect to change the terms of office of sealers of weights and measures then holding office or to create a new tenure for one whose term of office had expired and who was holding over as an officer *de facto.*

St. 1904, c. 314, regulating removals from office in the classified civil service, protects the holder of an office only during the term for which he was appointed, and has no application to a person whose term of office had expired before his alleged removal and the appointment of his successor.

PETITION, filed as amended on August 28, 1915, for a writ of mandamus addressed to the board of selectmen of the town of Westfield commanding them to restore the petitioner to the office of sealer of weights and measures in that town, and to Leroy C. Coburn commanding him to abstain from performing the duties of that office.

The case came on to be heard upon an agreed statement of facts, the substance of which is stated in the opinion, before *De Courcy,* J., who reserved it for determination by the full court.

The case was submitted on briefs.

*R. J. Morrissey & J. L. Gray,* for the petitioner.

*H. B. Putnam,* for the respondents.

DE COURCY, J.   The petitioner, Bates, was appointed and duly qualified as sealer of weights and measures of the town of Westfield in 1906 and in 1907, and was reappointed in 1908 and

1909.   The agreed statement of facts refers to "a certified copy of the record" of the last appointment (in 1909) as being annexed, but it is not in fact before us.   However, R. L. c. 62, § 18, expressly provided that sealers of weights and measures should be appointed annually; and this was in force until St. 1914, c. 452, enacted that appointments should be during good behavior, in cities and in towns having over ten thousand inhabitants.   Bates performed the duties of the office from May, 1906, until June 16, 1915, when the selectmen duly appointed the respondent Coburn and notified Bates to turn over to him the office books and equipment.

The petitioner, who is a veteran of the Civil War, asks to be restored to office on the ground that he is "a veteran . . . holding an office in the public service, . . . classified under the . . . civil service laws;" and he alleges that he was "removed" without a hearing, contrary to the provisions of St. 1910, c. 500. His main contention is based on the literal reading of the 1910 act: "No veteran who holds an office or employment in the public service of the Commonwealth or of any city or town therein, shall be removed . . . except after a full hearing," etc.

This statute however was designed to protect only those persons who were appointed under the civil service law as veterans. It was expressly enacted as an amendment to the civil service law (R. L. c. 19, § 23), to which it merely added a provision for hearings in cities which have not a board of aldermen, — a detail not covered by the earlier amendment.   St. 1905, c. 150.   As was said by Morton, J., in *Ayers* v. *Hatch,* 175 Mass. 489, 490, the statute "was intended to prevent the removal or suspension or transfer without his assent and without a full hearing of a veteran who had been appointed under the statutes and rules relating to the civil service."   Bates never passed the civil service examination, never applied as a veteran for appointment without an examination and never was appointed under the civil service provisions relating to veterans.   See R. L. c. 19, §§ 21, 22.   The fact that he happens to be a veteran does not bring him within the protection of the statute.   *Ayers* v. *Hatch, ubi supra.*   And plainly he acquired no rights from the presence of his name on the so called "civil service roll book," whatever its purpose was.

The petitioner further contends that even though he has not brought himself under the veterans' preference law, nevertheless

he could not be deprived of an office in the classified civil service without a hearing, by virtue of St. 1904, c. 314. It is doubtful whether this question is open to him on his petition; but as both parties have assumed that it was raised we prefer to consider it.

Bates never took the civil service examination prepared by the commissioners to test the training, experience, technical and practical knowledge of applicants, and was not appointed under the civil service law. Admittedly his original term of office under the provisions of R. L. c. 62, § 18, was one year, and he acquiesced in an annual appointment from 1906 to 1909, inclusive. It could not be contended successfully that this statutory term was changed by St. 1909, c. 382, which authorized the civil service commissioners to include sealers of weights and measures within the classified civil service.

Accordingly the petitioner's term of office had expired when the selectmen in 1915 appointed the respondent Coburn in his place, unless St. 1914, c. 452, which established a tenure of office during good behavior, had extended his term. That statute did not purport to change the terms of those then holding such positions either *de jure* or *de facto*, but to apply only to those thereafter appointed. Presumably if the Legislature intended by the act to extend the terms of incumbents, without any test of their competency, it would have used clear and unmistakable language to manifest that intent, as it has elsewhere. For instance, by St. 1906, c. 210, § 1, relative to the removal and suspension of police officers, "Every police officer now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, in any city, and whether appointed for a definite or stated term, or otherwise, shall hold such office continuously during good behavior," etc. So St. 1913, c. 487, § 1, relative to the promotion of call men in the fire departments, provides that cities and towns may "appoint as members of the permanent force without civil service examination any persons who have served as call men or part call men for five or more consecutive years." St. 1913, c. 528, § 1, one of many special acts establishing a tenure during good behavior of members of a fire department, in terms applies to members "now holding or hereafter appointed to" a position in the department classified under the civil service

rules. And St. 1913, c. 190, placing the superintendent of fire alarms in the city of Chelsea under the civil service laws and regulations (if the act be accepted by the voters) states that "the person now holding the said office may continue therein without passing the civil service examination." Without multiplying illustrations, it seems clear from the language used that the Legislature did not intend by St. 1914, c. 452, to extend the term of those holding the office of sealers of weights and measures at the time of the passage of the act.

As the petitioner was only a hold-over, whose term had expired, the St. of 1904, c. 314, on which he relies, is not applicable to his case. It long has been settled that the statute which regulates removals from office in the classified civil service protects the holder of the office only during the term for which he has been appointed. *Smith* v. *Mayor of Haverhill,* 187 Mass. 323. *Lahar* v. *Eldridge,* 190 Mass. 504. *Logan* v. *Mayor & Aldermen of Lawrence,* 201 Mass. 506, 509. It does not apply to a case like the present, where the petitioner's term of office has expired and his successor has been appointed and qualified. *Robertson* v. *Coughlin,* 196 Mass. 539.

*Petition dismissed.*