CORYDON H. FELLOWS & another *vs.* LEONARD V. SPAULDING & others.

Essex. Nov. 6, 1885. — Feb. 15, 1886. FIELD & DEVENS, JJ., absent.

An assignee in insolvency cannot maintain a bill in equity to restrain certain creditors of the insolvent from proving their claims against his estate in the Court of Insolvency, when, although the number of creditors is large, their right to prove their claims depends upon the same question of law, and the claims are controlled by one person.

BILL IN EQUITY, filed June 7, 1884, by the assignees in insolvency of Lewis Killam, against Leonard V. Spaulding, Lewis

Killam, the Real Estate Improvement Company, a corporation established according to law, Nathaniel T. Wentworth, and thirty-four other persons, alleging the following facts:

On December 15, 1883, the defendant Killam was, under a contract with the Real Estate Improvement Company, erecting buildings for it on its land in Haverhill. The defendant Spaulding was the general agent and treasurer of the company; and Wentworth and the other defendants were workmen in the employ of Killam, and were respectively creditors of his to certain amounts named, for work and labor performed by them in the erection of said buildings, with the consent of the defendant corporation, and for which each of them had a lien on said buildings, and the land on which they had been erected.

On December 29, 1883, Killam filed a petition in insolvency in the Court of Insolvency for Essex County; and, on January 15, 1884, the plaintiffs were appointed assignees of his estate.

On or about December 29, 1883, the defendant operatives held a meeting, and they each of them agreed that they would act together in the matter of their claims and liens, and would proceed to enforce said liens upon the land and buildings of the defendant corporation, unless their claims should be paid before the following Monday, and appointed certain of their number a committee in their behalf to notify the defendant corporation of such agreement and determination, and to represent them in the adjustment and settlement of their claims and liens. This committee, on or about December 29, notified the defendant corporation that, unless said claims should be paid before the following Monday, said operatives would proceed to recover their claims by enforcing their liens upon the land and buildings of the defendant corporation. Thereupon it was agreed by and between the defendant corporation, through its said agent, Spaulding, and the defendant operatives, through their said committee, that the defendant corporation should pay said claims, and the defendant operatives should not enforce said liens. In pursuance of said agreement, the defendant corporation, through its said agent, Spaulding, on or about January 1, 1884, paid said operatives respectively the amounts of their several claims; and by reason of such payment, and in fulfilment of their agreement, said operatives did not take any further action to enforce their liens upon

the land and buildings of the corporation, and did not transfer said liens or their rights thereunder to the plaintiffs, but suffered said liens to lapse. Afterwards, at the second meeting of the creditors of Killam, the defendant Spaulding, acting for and in behalf of said corporation, presented to the Court of Insolvency proofs signed and sworn to by said defendant operatives, in manner and form as required by law, to prove said claims against Killam's estate, as claims for wages entitled to priority.

The defendant Spaulding and the defendant corporation contend that the payments made by the corporation to the operatives were loans to the operatives by Spaulding, and that to secure payment to Spaulding of said loans, the operatives at the time of the several payments gave to Spaulding their several notes for the amounts of their respective loans, and assignments of their claims.

The plaintiffs aver that the money received by the defendant operatives, as aforesaid, was not lent to them by Spaulding, but was paid to them by the corporation in satisfaction of their claims; that said operatives have not made any valid assignments of their several claims, or given any valid notes to Spaulding, and that, if said Spaulding received or holds such notes and assignments, or papers purporting to be such of either kind, the same are without consideration, and were given by the operatives and procured by the company and Spaulding, at the time of said payments, for the purpose of influencing the proceedings in insolvency, and of concealing the true nature and purpose of said payments and the transactions connected with the same, and of enabling the company to prove said claims against said estate as claims entitled to priority, and to take the proceeds thereof to the use and benefit of the company, and thereby gain an unlawful and inequitable advantage over the other creditors of said Killam ; and that said notes and assignments were given by the operatives and procured by the company in pursuance of an agreement made between Spaulding and the company and the said operatives that they should be used only against the estate of said Killam, and should be void between said operatives and said Spaulding. Said proofs were signed and sworn to by said operatives after the agreements aforesaid with said company and Spaulding, but before the payments were made to

them or the execution of the writings, if any, connected therewith. The claims of said operatives, evidenced by the affidavit prescribed by the Public Statutes, signed and sworn to in the manner and for the purposes aforesaid, were presented to the Court of Insolvency for allowance, as hereinbefore stated, but have not been allowed by said court, and are still pending.

The bill further alleged that the plaintiffs object to the allowance of said claims on common grounds equally applicable to them all, namely : 1. Because said claims have been paid by said company and extinguished. 2. Because, at the time said proofs were presented to said court for allowance, said Killam was not indebted to said operatives. 3. Because said Spaulding, the pretended assignee of said claims, has not made oath to said proofs. 4. Because the statements in said proofs that said operatives have not directly or indirectly made or entered into any bargain, or arrangement, or agreement, express or implied, to sell, transfer, or dispose of said claims, or any part thereof, are not true. 5. Because the statements in said proofs, that said operatives have not entered into an arrangement or agreement affecting or influencing proceedings in said case of insolvency, are not true. 6. Because said operatives had liens upon the land and buildings of said corporation to secure payment of said claims, and have not applied said security to the payment of said claims, nor caused said security to be transferred or delivered up to the assignees of said estate.

The prayer of the bill was, that it might be decreed that said claims had been paid and extinguished, and were not provable against said estate, and that in the mean time the company, Spaulding, and the operatives be restrained from further prosecuting said claims until the final judgment and decree of this court.

The defendants demurred to the bill for want of equity.

Hearing on the bill and demurrer before *W. Allen*, J., who sustained the demurrer, and ordered the bill to be dismissed. The plaintiffs appealed to the full court.

*B. B. Jones*, for the plaintiffs.

*E. T. Burley & N. C. Bartlett*, for the defendants, were not called upon.

MORTON, C. J. This is a bill in equity to restrain the several defendants from proving their claims against an insolvent debtor

in the Court of Insolvency. If, in any case, such a bill, in the nature of a bill of peace, can be maintained, where there are many creditors whose debts depend upon the same question, and who threaten, by separate appeals, to harass the assignee with a multiplicity of vexatious suits, which we need not decide, this bill does not state a case which calls for the interposition of a court of equity. Such a bill is addressed to the discretion of the court of equity, and will not be entertained unless it appears that there is a practical necessity for the interposition of the court to prevent vexatious litigation. The bill sets out, that numerous creditors have presented their several debts for proof in insolvency, which have not been passed upon by the judge of insolvency; and that they are all controlled and owned by one of the defendants. The same questions of law are raised in each case, and there is no reason why one suit, in the usual course of proceedings in insolvency, the other cases being continued to abide the result, should not settle all the cases. There is no allegation that the defendants threaten or intend to harass the plaintiffs by vexatious litigation, and practically the whole controversy can be conveniently settled in the forum to which it belongs. We see no reason for restraining the defendants by injunction from pursuing the remedy which the statutes provide for such cases. *Bill dismissed.*