CHARLES T. DALY *vs.* MAYOR OF MEDFORD & another.

Middlesex.   November 28, 1921. — May 18, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Medford.   Municipal Corporations,* Budget, Officers and agents.   *Mandamus.*

Upon the hearing of a petition, by one alleging that he held the office of clerk of committees of the city of Medford against the mayor and auditor of the city, seeking a writ of mandamus directing the defendants to execute vouchers for the payment of his salary, the following facts appeared: The board of aldermen of Medford acted as the city council.  Section 11 of the charter, St. 1903, c. 345, provided that the board of aldermen "may appoint such assistant clerks and other officers as may be necessary for the proper conduct of its business."  A chapter of the ordinances concerned the clerk of committees and provided that "The board of aldermen shall each year elect a clerk of committees, who shall hold office for the municipal year, and until his successor is elected and qualified, and whose compensation shall be such as the board of aldermen may from time to time determine."  The petitioner had been elected and had served as clerk of committees for several years and was so serving when the petition was brought. The mayor, having decided that there was no necessity for a clerk of committees and that as matter of economic administration the salary should be saved, in submitting his annual budget to the board of aldermen under G. L. c. 44, § 32, omitted any item for salary of that office.  The budget as transmitted by the mayor grouped "several miscellaneous salaries under one head designated as ' Salaries.' "  The salary for the clerk of committees commonly had been included under this heading.  The estimate for this group of salaries as prepared by the auditor and submitted to the mayor was $6,900 and included $900 for the salary of the clerk of committees.  The mayor in his budget fixed $6,000 as his recommendation under this heading, reducing the estimate by the amount of the petitioner's salary.  The budget was approved by the board of aldermen.  That board then passed an order to the effect that it deemed necessary an appropriation of $900 for the payment of the salary of the clerk of committees and requested the mayor to recommend an appropriation therefor.  After the expiration of seven days without action by the mayor, the board of aldermen unanimously passed an order with adequate recitals appropriating $900 for the salary of the clerk of committees for the year.  *Held,* that

(1)  The determination by the mayor to abolish the office of clerk of committees and to require other city officers to perform the work previously done by him, and hence to make no recommendation of appropriation therefor, was a "failure of the mayor . . . to transmit . . . a written recommendation for an appropriation" for a distinct purpose and left the board of aldermen free to act under G. L. c. 44, § 33, with reference to an assistant deemed "necessary for the proper conduct of its business;"

(2)  The salary of the petitioner's office, although not large, was for a particular purpose requiring an appropriation in detail, and the mayor could not sweep away the power conferred upon the board by the statute by grouping that salary

with a few other miscellaneous salaries of small amounts under one heading in the budget;

   (3) The appropriation by the board of aldermen was valid;

   (4) Ample means were open to the petitioner to collect his salary by action at law and therefore the extraordinary remedy by writ of mandamus was not open to him;

   (5) The refusal of the respondents to perform a purely ministerial duty did not affect the legal liability of the city on a claim otherwise fully established.

PETITION, filed in the Supreme Judicial Court on September 27, 1921, for a writ of mandamus commanding the auditor of the city of Medford to include the plaintiff's name in his salary draft for all arrears of salary alleged to be due him as clerk of committees of the board of aldermen, and for all monthly instalments thereof, and commanding the mayor of that city to approve thereof, "and to do such further things as to the court may seem meet."

The petition was heard by *Braley*, J. Material facts found by him are described in the opinion. The single justice reported the case to the full court for determination.

The case was submitted on briefs.

*F. W. Mansfield*, for the petitioner.

*G. E. Healey*, for the respondents.

RUGG, C.J. This is a petition for a writ of mandamus by one elected clerk of committees of the city of Medford against the mayor and city auditor of that city to compel them to include his name in the salary draft so that his compensation will be paid to him.

It is provided in § 11 of the city charter of Medford, St. 1903, c. 345, that the board of aldermen "may appoint such assistant clerks and other officers as may be necessary for the proper conduct of its business." The board of aldermen acts as the city council of Medford. There is a chapter in the ordinances of the city of Medford concerning the "Clerk of Committees," wherein it is provided that "The board of aldermen shall each year elect a clerk of committees, who shall hold office for the municipal year, and until his successor is elected and qualified, and whose compensation shall be such as the board of aldermen may from time to time determine." The plaintiff had been duly elected as clerk of committees for several years and was at the beginning of 1921 again elected. The mayor, having decided that there was no necessity for a clerk of committees and that as matter of

economic administration the salary should be saved, in submitting his annual budget to the board of aldermen under G. L. c. 44, § 32, omitted any item for salary of that office. The budget as transmitted by the mayor grouped "several miscellaneous salaries under one head designated as 'Salaries.'" The salary for the clerk of committees commonly had been included under this heading. The estimate for this group of salaries as prepared by the auditor and submitted to the mayor was $6,900 and included $900 for the salary of the clerk of committees. The mayor in his budget fixed $6,000 as his recommendation under this heading, reducing the estimate by the amount of the petitioner's salary. The budget was approved by the board of aldermen. That board passed an order to the effect that it deemed necessary an appropriation of $900 for the payment of the salary of the clerk of committees and requested the mayor to recommend an appropriation therefor. After the expiration of seven days without action by the mayor, the board of aldermen unanimously passed an order with adequate recitals appropriating $900 for the salary of the clerk of committees for the year.

This action by the board of aldermen was taken pursuant to G. L. c. 44, § 33, which empowers the city council "In case of failure of the mayor . . . to transmit to the city council a written recommendation for an appropriation for any purpose deemed necessary by the council, after having been so requested by vote thereof," and after the lapse of seven days, upon its own initiative to make an appropriation for such purpose by a vote of at least two thirds of its members. The salary of the clerk of committees under all the circumstances here disclosed was a necessary detail of the budget under § 34 of G. L. c. 44, if any appropriation was to be made therefor. The clerk of committees was a special officer of the board of aldermen. It is not shown by the record that there was any other officer of like class in the city of Medford. The board of aldermen is the legislative department of the government of the city. It is correlative to the executive department of which the mayor is the head.

The case is quite different from employees or officers in ordinary city departments or for the performance of the usual municipal functions. An increase of employees or officers in the water department, for example, after a budget making appropriation

therefor, would not be a new purpose omitted by the mayor. The determination by the mayor to abolish the office of clerk of committees and to require other city officers to perform the work previously done by him, and hence to make no recommendation of appropriation therefor, was a "failure of the mayor . . . to transmit . . . a written recommendation for an appropriation" for a distinct purpose and left the board of aldermen free to act under § 33 with reference to an assistant deemed "necessary for the proper conduct of its business." The mayor could not sweep away that power by grouping that salary with a few other miscellaneous salaries of small amounts under one heading in the budget. The salary for this particular office, although not large, was for a particular purpose requiring an appropriation in detail.

The case at bar stands upon its peculiar facts, not likely often to be duplicated. It is wholly dissimilar to the ordinary instance of reduction by the mayor of estimates submitted to him by various administrative departments and of recommendations in the budget for smaller amounts. It is distinguishable in essential features from *Flood* v. *Hodges*, 231 Mass. 252. The provision of St. 1913, c. 719, § 20, limiting the power to make supplementary appropriations to the time before "the tax rate for the year shall be fixed," to which reference was made in 231 Mass. at page 254, was repealed by St. 1915, c. 138, § 1, and is not in G. L. c. 44, § 32.

The appropriation by the board of aldermen was valid. Therefore ample means were open to the petitioner to collect his salary by action at law. *Smith* v. *Lowell*, 190 Mass. 332. *Hall* v. *Holden*, 116 Mass. 172. When a right of action at law exists, relief must be sought in that way. Mandamus is an extraordinary writ granted only to prevent a failure of justice where there is no other adequate remedy. *Lexington* v. *Mulliken*, 7 Gray, 280. *Wheelock* v. *Auditor of Suffolk County*, 130 Mass. 486. *Selectmen of Gardner* v. *Templeton Street Railway*, 184 Mass. 294, and cases there collected. *Finlay* v. *Boston*, 196 Mass. 267. *Crocker* v. *Justices of Superior Court*, 208 Mass. 162, 164. *Sears* v. *Nahant*, 208 Mass. 208. *Butler* v. *Directors of the Port of Boston*, 222 Mass. 5.

The appropriation in the order of the board of aldermen was specific and could not be expended for any other purpose. The requirement of the ordinance that all drafts upon the city treasurer for the payment of money shall be signed by both the mayor and

city auditor before being paid does not have the effect of enabling a party to try out the merits of an action at law in a petition for a writ of mandamus. The refusal of these officers to perform a purely ministerial duty does not affect the legal liability of the city on a claim otherwise fully established. The case upon this point is different from a certificate of a third person under a contract. *Handy* v. *Bliss,* 204 Mass. 513, 520.

*Petition dismissed.*