MARTIN A. KING *vs.* MAYOR OF QUINCY & another.

Norfolk.   October 11, 1929. — January 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Quincy. Municipal Corporations*, Plan A form of charter, Officers and agents. *Practice, Civil*, Mandamus proceedings, Amendment, Parties. *Words*, " Departments," "Heads of departments."

The auditor of accounts is one of the "heads of departments" of the city of Quincy within the provisions of G. L. c. 43, § 52, and a Plan A form of charter adopted by that city.

When the city of Quincy adopted said Plan A form of charter, previous charters and ordinances incompatible therewith were revoked, although not specifically repealed; and thus a provision in the old charter for the election of an auditor of accounts by the city council and an ordinance of the same purport were superseded and repealed.

The work of such auditing department is not legislative, and therefore G. L. c. 43, § 3, did not preserve for the council the power of appointing the auditor.

Neither § 4 nor § 5 of the new charter preserved the ordinance above described, since the provisions of the ordinance were not compatible with the new charter.

Under the Plan A form of charter, power to appoint the auditor of accounts is vested in the mayor of Quincy.

A motion, presented to the full court of the Supreme Judicial Court to amend a petition, seeking a writ of mandamus directing the mayor of Quincy to recognize the petitioner as auditor of accounts on the ground that he was properly appointed to be such by the city council, by adding as a respondent one whom the mayor had appointed to the office and who consented to the amendment and filed an answer, was *held* to be proper and was allowed.

PETITION, filed in the Supreme Judicial Court for the county of Norfolk on April 20, 1928, for a writ of mandamus.

The petition was heard by *Sanderson*, J., and was ordered dismissed.   The petitioner alleged exceptions.

The case was submitted on briefs.

*W. J. Kenney & J. B. O'Hare*, for the petitioner.

*J. J. McAnarney*, City Solicitor, for the respondent.

FIELD, J. This is a petition for a writ of mandamus to compel the respondent, the mayor of the city of Quincy, to recognize the petitioner as the auditor of accounts of that city. The petition was dismissed as matter of law and the petitioner excepted.

On February 29, 1928, the person who was performing the duties of auditor of accounts died. On or about that date the respondent purported to appoint one Elizabeth N. Dunn to the position. She has taken the required oath and is performing the duties thereof. On March 5, 1928, the city council purported to elect the petitioner to the position. He also has taken the required oath.

The city of Quincy in 1916 adopted as its charter Plan A of St. 1915, c. 267. See now G. L. c. 43, §§ 1–55. This charter went into effect January 1, 1917. Under an express provision of the charter in force before January 1, 1917, the auditor of accounts was elected by the city council. St. 1888, c. 347, § 14. There was also a city ordinance providing for his election by the council which has not been repealed expressly. The question raised by this petition is whether under the present charter the auditor of accounts is to be elected by the city council as formerly or appointed by the mayor.

The present charter vests in the city council the legislative powers of the city (G. L. c. 43, § 50) and declares that they shall not "be abridged or impaired" by it. G. L. c. 43, § 3. The city council is authorized to elect its president (G. L. c. 43, § 50) and the city clerk (G. L. c. 43, § 18, cl. 3), but there is no express provision for election by it of any other officer.

The present charter provides for the election of a "mayor . . . who shall be the chief executive officer of the city," (G. L. c. 43, § 48) and, further, that "all heads of departments and members of municipal boards, except the school committee, officials appointed by the Governor, and assessors if elected by vote of the people . . . shall be appointed by the mayor without confirmation by the city council," (G. L. c. 43, § 52) and may be removed by him. G. L. c. 43, § 54. Thus the auditor of accounts is not excepted

expressly from appointment by the mayor. However, as he is not one of the "members of municipal boards," his appointment is not within the specific authority to appoint conferred upon the mayor by G. L. c. 43, § 52, unless he is one of the "heads of departments."

The auditor of accounts is one of the "heads of departments" within the meaning of the charter. The word "departments," as used therein, is not restricted to the two basic departments of a municipality, — the legislative and the executive. On the contrary it applies to the "executive and administrative departments," among which executive and administrative functions are distributed. G. L. c. 43, § 5. See also §§ 1, 19, 29, 30. And see *Attorney General* v. *Trehy,* 178 Mass. 186, 193–194; *Trustees of the Boston Public Library* v. *Rector of Trinity Church,* 263 Mass. 173. Intrinsically the functions of an auditor of accounts of a city are executive and administrative rather than legislative. G. L. c. 41, §§ 50–54, as amended by St. 1922, c. 135, and St. 1924, c. 33. (G. L. c. 4, § 7, Thirty-fourth.) They are not merely ministerial and incidental to the legislative powers of the city council. See *Attorney General* v. *Tillinghast,* 203 Mass. 539, 543–544. According to the scheme of the charter, the primary distribution of executive and administrative functions is among "departments," and further distributions, if made, are among "divisions." See G. L. c. 43, § 1. The auditing branch of the city government of Quincy, as now organized, is not subordinate to or combined with any other executive or administrative branch thereof — except as it is subordinate to the mayor, "the chief executive officer" — so as to be a "division" rather than a "department." The auditor of accounts is in charge of this "department," in which there are two or more employees, and is its "head" within the meaning of the charter.

The present charter revoked all "that has gone before concerning the same subject matter . . . except as preserved by the new charter." *Cunningham* v. *Mayor of Cambridge,* 222 Mass. 574, 577. *Safford* v. *Lowell,* 255 Mass. 220, 224. St. 1915, c. 267, Part I, § 11 (see now G. L. c. 43,

§ 11). The provision in the new charter for the appointment by the mayor of "heads of departments" deals with the same subject matter as the provision in the old charter for the election of an auditor of accounts by the city council and revoked it unless that power of the city council was preserved by some other provision of the new charter. There is nothing in the new charter which has this effect. So construed it does not abridge nor impair the legislative power of the city contrary to the prohibition of section three thereof. The work of the auditing department is not legislative. Section 4 of St. 1915, c. 267, Part I, (see now G. L. c. 43, § 4,) providing, in part, that ordinances existing at the time of the adoption of the charter "shall continue in full force and effect until annulled, repealed, modified or superseded" did not preserve the ordinance in regard to election of the auditor by the city council. This ordinance was superseded by the incompatible provision of the new charter. *Mayor of Cambridge* v. *Cambridge*, 228 Mass. 249. *Dooling* v. *City Council of Fitchburg*, 242 Mass. 599. Nothing in § 5 of St. 1915, c. 267, Part I (see now G. L. c. 43, § 5) preserved the right of the council to elect. That section provides that "the organization of the executive and administrative departments, and the powers and duties of the officers and employees" of the city shall "remain as constituted at the time of the adoption" of the new charter until changed by the mayor and city council as therein authorized. The new charter made no change in the organization of the auditing department or the duties of its officers. The old charter (St. 1888, c. 347) did not in terms create "executive and administrative departments" though it referred to "departments." §§ 37, 38. The auditing branch of the city government was none the less a "department" because not created specifically as such — though at least once it is referred to as one of the "departments" § 37 — or because the auditor of accounts was not listed among the "administrative officers" § 34, but was dealt with under the title "Legislative Department" § 14, or because he was elected by the city council. Section 5 of the new charter has nothing to do with appointments to

existing offices.  See *Cunningham* v. *Mayor of Cambridge, supra,* at page 578.

It follows that under the present charter power to appoint the auditor of accounts is vested in the mayor, that the petitioner is not entitled to the office, and that the petition was dismissed properly.  It is not necessary to determine whether, apart from G. L. c. 43, § 7 (formerly St. 1915, c. 267, Part I, § 7) the mayor would have authority to appoint the auditor of accounts under the provision constituting him "the chief executive officer of the city." G. L. c. 43, § 48, formerly St. 1915, c. 267, Part II, § 3. See *Attorney General* v. *Varnum,* 167 Mass. 477, 480.

After the case was entered in this court, a motion was made by the petitioner, and assented to by the respondent, to amend the petition by joining Elizabeth N. Dunn as a party respondent, and she has appeared and agreed to adopt the answer of the respondent mayor of Quincy.  This amendment is proper and may be allowed here.  G. L. c. 231, § 125; c. 249, § 5.  *Keough* v. *Holyoke Board of Aldermen,* 156 Mass. 403.  *Andrews* v. *Board of Registrars of Voters,* 246 Mass. 572.

*Amendment of petition allowed.*
*Exceptions overruled.*