POLICE COMMISSIONER OF THE CITY OF BOSTON *vs.* CITY OF BOSTON & others.

THOMAS E. BARRON *vs.* SAME.

POLICE COMMISSIONER OF THE CITY OF BOSTON *vs.* SAME.

Suffolk. May 11, 1932. — June 28, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Mandamus. Police. Boston. Certiorari.*

A patrolman in the police department of the city of Boston cannot maintain against the mayor, the president of the council acting as mayor, the auditor, the treasurer and the budget commissioner of the city a petition for a writ of mandamus to compel payment to him of a certain increase of pay under a schedule of pay and salaries established for the department and upon requisition by the police commissioner to the mayor therefor: the petitioner has an adequate remedy at law for the enforcement of such a right, if it exists.

*It seems* that a specific appropriation for the payment of such an increase is not a condition precedent to liability of the city in an action of contract therefor if such an increase has been duly authorized in other respects and some appropriation of money has been made which is available for the payment of patrolmen generally.

The petition above described not containing an allegation that no appropriation was available for the payment of patrolmen, the petitioner's remedy by an action of contract was not shown to be inadequate because of lack of available funds out of which the increase in pay could be paid.

*Whether*, in view of the absolute duty of paying the police upon requisition of the police commissioner, imposed by St. 1906, c. 291, § 8, upon the city, an appropriation available for the purpose was a condition precedent to liability of the city to a patrolman for pay for his services, was not determined.

*Whether*, in the absence of such an appropriation the remedy of an action of contract to enforce the patrolman's right would be adequate, was not determined.

The fact that twenty-two other patrolmen were situated similarly to the petitioner with respect to the enforcement of a right to an increase in pay, and the possibility that each of them might bring an action of contract to recover his pay, did not render the petitioner's remedy by such an action inadequate, and were not reasons for permitting him to bring his individual petition for a writ of mandamus instead of an action of contract.

The police commissioner of Boston was not entitled to maintain a petition for a writ of mandamus to require recognition of alleged rights of the twenty-three patrolmen to increased salaries in the circumstances above described, he having no private right nor interest in the matter, and the payment of the increase not being shown to be essential to the performance of his official duties, and it not appearing that either the efficiency of the police force or any other substantial interest of citizens generally was affected injuriously by the refusal of the respondents to honor the petitioner's requisition.

The police commissioner of Boston could not maintain a petition for a writ of certiorari against the respondents above described in substance seeking the quashing of proceedings denying the increase in pay above described, since it did not appear that he was a party whose interests were injuriously affected by the action of the respondents in refusing to honor his requisition for the payment of patrolmen, and it did appear that the respondents' action in so refusing was not judicial or *quasi* judicial.

THREE PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on February 9, 1932, two for writs of mandamus and one for a writ of certiorari, described in the opinion.

The respondents demurred. The demurrers were heard by *Crosby*, J., who ordered them sustained and reported the cases for determination by the full court.

*L. Schwartz*, for the petitioners.

*S. Silverman*, Corporation Counsel, (*H. M. Pakulski*, Assistant Corporation Counsel, with him,) for the respondents.

FIELD, J. The question which the petitioners seek to have decided in these proceedings is whether certain pa-

trolmen of the police department of the city of Boston are entitled to increases of pay in the year 1932 upon the respective anniversaries of their appointments, under a schedule of pay and salaries established for the department in 1920, and modified in 1924 and 1928, providing for annual increases of pay — described as "step-rate" increases — until a maximum amount is reached. The respondents contend that this question cannot properly be decided in any one of these proceedings.

Three petitions were filed in this court on February 9, 1932, — a petition for a writ of mandamus, brought by a patrolman claiming to be entitled to an increase of pay upon the anniversary of his appointment, a petition for a writ of mandamus, brought by the police commissioner for the city of Boston, and a petition for a writ of certiorari, also brought by him, asserting the same right for this patrolman and for other patrolmen similarly situated. The respondents in each case are the city of Boston, the mayor, the president of the council — "Acting Mayor" — the auditor, the treasurer and the budget commissioner of the city. The petitions allege the establishment of a schedule of pay and salaries for the police department, including provisions for step-rate increases of pay annually for patrolmen, requisition by the police commissioner for payment of compensation to the petitioning patrolman and other patrolmen for the week ending February 4, 1932, in accordance with this schedule, and refusal of the respondents to honor such requisition unless the patrolmen agreed to accept as payment in full amounts materially different from those stated in the requisition. The petitions set forth correspondence between the police commissioner and some of the respondents in respect to the inclusion in the budget of the city for the year 1932 of amounts to cover step-rate increases of pay of patrolmen, including a letter from the mayor to the police commissioner stating that he had instructed the budget commissioner not to include such amounts in the budget.

The petitioners contend that the refusal to honor the requisition was in violation of St. 1906, c. 291, § 8, which

provides that "the pay of the police, clerks, stenographers and other employees, and all incidental expenses incurred in the performance of the duties of said [police] commissioner or in the administration of said police shall be paid by the city of Boston upon the requisition of said police commissioner," and of § 13, which provides, "nor shall the pay of the members of the police force . . . be . . . diminished, except by the concurrent action of said mayor and said police commissioner."

The prayers of the patrolman's petition are for a writ of mandamus commanding the city to pay the salary due him in accordance with the step-rate method of pay and with the police commissioner's requisition therefor and any other requisitions which may be made by the police commissioner from time to time, and that the other respondents take action appropriate to their functions as members of the government of the city to honor such requisitions. The police commissioner's petition for a writ of mandamus contains similar prayers with respect to all patrolmen, and his petition for a writ of certiorari contains a prayer that the writ issue commanding the respondents to return to the court a record of their proceedings in the matter of such requisitions.

The respondents demurred to the patrolman's petition on the grounds that it does not set forth a cause of action and that the petitioner has an adequate remedy at law, and to the police commissioner's petitions on the grounds that they do not set forth causes of action, that "if any one is entitled to relief the person so entitled is the individual who has been denied his increase in salary," who has an adequate remedy at law, and that the petitioner is not a person aggrieved, and to the petition for a writ of certiorari on the further ground that the proceedings complained of "are either executive or administrative and are not judicial or *quasi* judicial."

The cases were consolidated for the purpose of being heard together, the demurrers were sustained and the cases then were reported for the determination of the full court.

First.   The demurrer to the patrolman's petition for a writ of mandamus was sustained rightly.

The "extraordinary remedy provided by a writ of mandamus will not be permitted where there is other relief afforded either by common law or by special provisions of statute." *County Commissioners* v. *Mayor of Newburyport*, 252 Mass. 407, 410.  See also *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339, and cases collected.  Cases in which the merits have been fully argued and substantive grounds for dismissing petitions stated do not prevent the application of this principle where, as here, it is relied on by the respondents without argument upon the merits. Compare *City Council of Newburyport* v. *Mayor of Newburyport*, 241 Mass. 575, 576; *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, 89–90.  The scope of the remedy by writ of mandamus has not been enlarged by these cases.

This petitioner has an adequate remedy by an action of contract against the city to recover his pay as a patrolman at the rate legally established. *Wheelock* v. *Auditor of Suffolk County*, 130 Mass. 486.  *Ransom* v. *Boston*, 192 Mass. 299, 305–307.  *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339.  *McCourt* v. *Mayor & City Council of Boston*, 254 Mass. 100, 102.  *Bushell* v. *Mayor of Malden*, 260 Mass. 476, 481.  This is true, even though the petitioner's right to compensation is based upon a duty imposed on the city by statute (see St. 1906, c. 291, § 8, *Phillips* v. *Boston*, 150 Mass. 491, 494), rather than upon an implied or express contract.  *Cook* v. *Springfield*, 184 Mass. 247, 249.

The petitioner's remedy by an action of contract is not shown to be inadequate because of lack of available funds out of which the step-rate increases in pay of patrolmen can be paid.  A specific appropriation for the payment of such increases is not a condition precedent to liability of the city therefor if such increases have been duly authorized in other respects and any appropriation of money has been made which is available for the payment of patrolmen generally.  See *Smith* v. *Lowell*, 190 Mass. 332; *Leonara* v. *School Committee of Springfield*, 241 Mass. 325,

332. It is not alleged that no appropriation is available for the payment of patrolmen, though the letter from the mayor to the police commissioner indicates that no specific appropriation for step-rate increases in their pay was included in the budget. We do not intimate that, in view of the absolute duty of paying the police upon requisition of the police commissioner imposed by statute upon the city, an appropriation available for the purpose is a condition precedent to liability of the city to a patrolman for pay for his services. See St. 1909, c. 486, §§ 3, 16. Compare *Police Commissioner of Boston* v. *Boston*, 239 Mass. 401; *Batchelder* v. *Salem*, 4 Cush. 599; *Charlestown* v. *Gardner*, 98 Mass. 587; *Decatur* v. *Auditor of Peabody*, 251 Mass. 82. But this question need not be considered in this proceeding. Nor is it necessary to consider whether in the absence of such an appropriation the remedy of an action of contract would be adequate. See *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339.

The petitioner's pay including increases, if such increases are authorized lawfully, becomes due to him from the city upon requisition of the police commissioner. See *McCourt* v. *Mayor & City Council of Boston*, 254 Mass. 100, 102. A requisition for the petitioner's pay at the increased rate has been made for a period expiring before the petition was filed. Refusal by any of the individual respondents to perform purely ministerial duties which they are required to perform before the petitioner is paid does not affect the legal liability of the city or enable the petitioner to try out the merits of an action at law on a petition for a writ of mandamus. *Daly* v. *Mayor of Medford*, 241 Mass. 336, 340.

The case is distinguishable from *Ransom* v. *Mayor of Boston*, 193 Mass. 537. In that case a city employee sought reinstatement in his employment by writ of mandamus. But he did not seek to recover his wages. Indeed, to recover his wages already accrued he proceeded by actions of contract (*Ransom* v. *Boston*, 192 Mass. 299, S. C. 196 Mass. 248), and in *Lattime* v. *Hunt*, 196 Mass. 261, a police officer petitioning for a writ of mandamus to restore him to his office, though granted the writ for that purpose, was re-

mitted to an action of contract to recover his accrued wages. See page 267. In *Ransom* v. *Mayor of Boston,* 193 Mass. 537, it was held that successive actions for wages as they accrued from time to time would not be an adequate substitute for a remedy which would reinstate the petitioner in his rightful employment. Pages 539–540. This decision, however, did not go to the extent of holding that such successive actions for salary or wages would not furnish full relief to a person not deprived of his office or employment. It is not to be assumed, at least in the absence of facts not here alleged, that the city, through its responsible officers, will act in bad faith and refuse to make other payments to the petitioner in accordance with the decision in a single action of contract in which the controlling principle of law is settled. See *Attorney General* v. *Suffolk County Apportionment Commissioners,* 224 Mass. 598, 611; *Police Commissioner of Boston* v. *Boston,* 239 Mass. 401, 409; *Decatur* v. *Auditor of Peabody,* 251 Mass. 82, 90. The language used in *Pacific Exp. Co.* v. *Seibert,* 44 Fed. Rep. 310, 315, of a State is applicable to the respondent city: "The state is not to be looked upon in the light of a barrator, and the court will not impute to it, or to its officers acting for and in its name, a litigious or vindictive spirit, or a purpose needlessly to vex and harass the citizen with lawsuits."

The petition discloses that there are twenty-two other patrolmen situated like this petitioner. The possibility that each of them may bring an action of contract to recover his pay does not render the petitioner's remedy by such an action inadequate, and clearly is not a reason for permitting him to bring his individual petition for a writ of mandamus instead of an action of contract.

Second. The demurrer to the police commissioner's petition for a writ of mandamus was sustained rightly.

The petition asserts no private right or interest in the police commissioner. Nor has he any standing to maintain this petition in behalf of the patrolmen. Each of them has an adequate remedy to recover his pay by an action of contract. It does not appear that the police commissioner

represents them as their agent or otherwise. But even if he did represent them his standing would be no better than theirs. The possibility that, if this petition cannot be maintained, each of them may bring an independent action of contract does not give this court jurisdiction. The controlling question of law can be decided in a single action of contract and other actions, if brought, continued to abide the result. Compare *Fellows* v. *Spaulding,* 141 Mass. 89, 93. But even if this procedure should not be followed multiplicity of actions would not be a ground for relief by mandamus.

The petition does not disclose that it is brought by the police commissioner in the performance of an official duty. He alleges "that by the requirements of his duty he is compelled to enforce through the authority of law the payment of money lawfully due patrolmen governed by the step-rate method of pay in the police department of the city of Boston." This is a conclusion of law and is not admitted by demurrer. The facts set out in the petition do not support this conclusion. It is the duty of the police commissioner under the statute "to appoint, establish and organize the police of said city and to make all needful rules and regulations for its efficiency" (St. 1906, c. 291, § 10), and to make requisition upon the city for the "pay of the police" (§ 8) as that pay has been lawfully established. (§ 13.) It is the duty of the city to pay the police upon requisition of the police commissioner made in accordance with law. (§ 8.) But no duty of supervision of such payment is imposed upon the police commissioner, though undoubtedly he has an interest in the performance of the duty of the city in so far as such performance is necessary to enable him to perform his own duty as police commissioner. See *Bauer* v. *Mitchell,* 247 Mass. 522, 528–529. However, the facts alleged in the petition do not show that payment of the twenty-three patrolmen in question in accordance with the step-rate method of pay is essential to the performance of the police commissioner's official duty. In this respect the case is distinguishable from *Pearsons* v. *Ranlett,* 110 Mass. 118, 126, and *Police Commissioner of Boston* v. *Boston,* 239

Mass. 401, 404, 409.   See also *Cunningham* v. *Mayor of Cambridge,* 222 Mass. 574, 580.

Nor can the petition be maintained by the police commissioner on the ground that payment of patrolmen is a public duty imposed by law upon the city, in the performance of which all citizens, including himself as an individual, have an interest.   Compare *Sinclair* v. *Mayor of Fall River,* 198 Mass. 248, 256.   It is recognized by our decisions that in some circumstances even a private citizen, without special interest in the subject matter independent of the rights of the public, has a standing by reason of his citizenship to maintain a petition for a writ of mandamus to enforce a public duty of interest to citizens generally.   *Brewster* v. *Sherman,* 195 Mass. 222, 224–225. *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91, 92–94, and cases cited.   But the allegations of the petition do not bring the case within this principle.   The enforcement of any law, though it affects only private rights, is in a broad sense matter of public interest, but some more direct interest of citizens generally must be shown to entitle a citizen without private interest to a writ of mandamus.   Doubtless the maintenance of an efficient police force is a matter in which citizens generally have an interest, but they have no substantial interest in details of administration of such a force not essential to its efficiency and not involving an illegal expenditure of public money.   See *Weld* v. *Gas & Electric Light Commissioners,* 197 Mass. 556, 560; *Crane* v. *Chicago & Northwestern Railway,* 74 Iowa, 330. See also *Alger* v. *Seaver,* 138 Mass. 331.   Compare *Cunningham* v. *Mayor of Cambridge,* 222 Mass. 574, 580.   This is not a proceeding to prevent an illegal expenditure.   See G. L. c. 40, § 53; *Finlay* v. *Boston,* 196 Mass. 267, 269. The petition alleges an invasion of the private rights of patrolmen, who are not parties to the petition and to whom other relief is afforded by law, but sets forth no facts showing that either the efficiency of the police force or any other substantial interest of citizens generally is affected injuriously by the refusal of the respondents to honor the petitioner's requisition.   In these circumstances actions of con-

tract available to the patrolmen, though not available to the petitioner, afford adequate remedy for breach of the statutory duty of the city. *Lexington* v. *Mulliken,* 7 Gray, 280. Compare *Warner* v. *Mayor of Taunton,* 253 Mass. 116; *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353.

Third. The demurrer to the police commissioner's petition for a writ of certiorari was sustained rightly.

This petition resembles closely the petition for mandamus brought by the same petitioner and already considered. It cannot be maintained, since it does not set forth facts showing that the petitioner is a party whose interests are injuriously affected by the actions of the respondents in refusing to honor his requisition for the payment of patrolmen (see *Powers* v. *City Council of Springfield,* 116 Mass. 84, 87), and for the further reason that the respondents' actions in so refusing were not judicial or *quasi* judicial (*Morse* v. *County of Norfolk,* 170 Mass. 555), and hence were not reviewable by certiorari. *Locke* v. *Selectmen of Lexington,* 122 Mass. 290. *Attorney General* v. *Mayor & Aldermen of Northampton,* 143 Mass. 589. *Chelsea* v. *Treasurer & Receiver General,* 237 Mass. 422, 429.

In each case the order sustaining the demurrer is

*Affirmed.*