SHIRLEY J. MacKEEN & others[1] *vs.* TOWN OF CANTON & another.[2]

Norfolk.  October 5, 1979. — January 11, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Municipal Corporations,* Town meeting, Moderator.  *Constitutional Law,* Town meeting.

In an action seeking a determination that an amendment of a town's zoning by-law acted on at an annual town meeting was not lawfully adopted, the plaintiffs failed to demonstrate that the moderator of the meeting acted other than in good faith in the conduct of the proceedings.  [517-520]

A town by-law which provided that, at a town meeting, debate on an issue might be closed at any time not less than ten minutes from the adoption of a motion to that effect did not preclude immediate vote on an issue without debate, after a motion to put the previous question.  [520-521]

---

[1] Harriett E. Stoddard, Gerald A. Grafton, Joseph M. Gibbs, George Blotcher, Shirley Blotcher, Carmen Forcucci, Allen B. Pineo, Evelyn G. Pineo, Anne Grafton, and David E. MacKeen.

[2] Codex Corporation.

In an action seeking a determination that an amendment of a town's zoning by-law acted on at an annual town meeting was not lawfully adopted, there was no merit to the plaintiffs' contention that art. 19 of the Declaration of Rights of the Constitution of the Commonwealth requires that some debate be permitted when one or more persons wish to speak on a warrant article. [521-522]

CIVIL ACTION commenced in the Superior Court Department on July 18, 1978.

The case was heard by *Sullivan*, J., on motions for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*F. Anthony Mooney* for the plaintiffs.

*Samuel Hoar* (*James E. McGuire* with him) for the Codex Corporation.

*Joseph H. Malloy*, Town Counsel, for the town of Canton, joined in a brief.

WILKINS, J. The plaintiffs, who are registered voters in the town of Canton, seek a determination that an amendment of the town's zoning by-law acted on at its 1978 annual town meeting was not lawfully adopted. See G. L. c. 231A; G. L. c. 40A, § 5. Article 15 of the warrant for that town meeting proposed to change the zoning of a parcel of land owned by the defendant Codex Corporation from a single residence AA district to a limited industrial district. At an adjourned session on April 19, 1979, the town, which has an open town meeting, voted by more than the required two-thirds vote (see G. L. c. 40A, § 5) to adopt the proposed zoning change.

The plaintiffs challenge procedures and practices of the town meeting, alleging that the moderator was biased in favor of the zoning change and that debate on the merits of the zoning change was unlawfully foreclosed. The case was heard in the Superior Court on cross motions for summary judgment (with supporting affidavits). Judgment was entered dismissing the action. We granted the defendants' request for direct appellate review. We agree with the

judge's determination that the zoning change was validly adopted and direct that judgment be entered to that effect.[3]

Rezoning the parcel described in article 15 had been considered and rejected at a special town meeting in September, 1977. Apparently that earlier proposed rezoning was substantially similar to the proposal contained in article 15, because the planning board's recommendation of adoption of the amendment was regarded as a necessary condition for favorable action on article 15. See G. L. c. 40A, § 5. The town's recent consideration of this zoning change may explain the willingness, which we subsequently describe, of a large majority of the voters to vote on article 15 without any significant discussion of its merits.

The transcript of the town meeting proceedings concerning article 15 shows that the issue was an emotional one on which feelings ran strong. Numerous statements produced applause. Repeatedly the moderator had to call for order. The burden on the town moderator in such circumstances was substantial.

A moderator must make judgments on the spot. He must deal with disputants without the protective formality of a judicial proceeding, and he must contend with voters who are not necessarily experienced in the law or conversant with town meeting procedures. Moreover, in many respects, the course which the meeting follows is not governed by the moderator. The meeting itself by vote has ultimate control over when and how to dispose of warrant articles.

The restricted, yet important, function of a town moderator must be recognized in assessing the significance of any claim that particular town meeting action should be invalidated because the moderator acted prejudicially. The plaintiffs assume that proof of a moderator's prejudicial behavior in favor of a particular position on an issue would

---

[3] Because the plaintiffs sought a declaration as to the validity of the zoning change, a judgment should be entered declaring the validity of the change and not simply a judgment dismissing the action. See *Boston* v. *Massachusetts Bay Transp. Auth.*, 373 Mass. 819, 829 (1977).

call for invalidation of any action taken in favor of that position. We need not decide how far, if at all, a moderator's demonstrated bias may require invalidation of town meeting action, because, as will be seen, no such bias has been shown in this case. We note, however, that any successful challenge based on moderator bias, as opposed to some corrupt practice or a material error of law committed by the moderator (see *Ellis* v. *Selectmen of Barnstable,* 361 Mass. 794, 799-800 [1972]), would have to show that the moderator's bad faith conduct affected the result.

We are dealing here with a legislative, and not a judicial, process. A moderator often has his own views on questions presented for consideration by a town meeting. The fact that the moderator harbors a prejudice for or against a particular proposal is not significant. He is entitled to vote in an open town meeting, although it is desirable that he not do so except where his vote is crucial to the result. R.B. Johnson, B.A. Trustman, C.Y. Wadsworth, Town Meeting Time § 6, at 25 (1962) (hereinafter referred to as Town Meeting Time). The important point is that in his rulings and behavior he should show impartiality, a basic fairness. But a moderator is not a judge. He is an elected official chosen in a political process. Traditionally the remedy for any lack of fairness is the ballot box and not the courts.[4]

We now turn to a description of the course of the proceedings concerning article 15, disposing of various contentions of the plaintiffs as we do so. We leave for separate discussion the plaintiffs' argument that debate on article 15 was foreclosed improperly in violation of a town by-law and the Constitution of the Commonwealth.

1. The moderator commenced the adjourned session on April 19, 1978, by reading article 15. He then called on a member of the planning board who presented that board's recommendation that the zoning change be adopted. Although that recommendation was not expressed in the form

[4] We have been cited no case in which the alleged bias of a Massachusetts moderator has been the basis for a judicial overturning of otherwise valid town meeting action.

of a motion, and preferably should have been, the meeting without objection treated the recommendation as a motion, and a second to the planning board's recommendation or motion was made.  The chairman of the finance committee then expressed that committee's support of the planning board's recommendation.  There followed a discussion of which nonvoters would be permitted to be present, and the meeting voted to uphold the moderator's ruling on that issue.  A voter then moved that nonvoters be allowed to speak.  That motion was seconded.  Before any action was taken on that motion, a voter, who was a member of the town's industrial development commission which favored the zoning change, moved "that we put this article to a vote without any more debate."  The moderator ruled that this new motion would take precedence over the pending motion (concerning nonvoters' speaking).  He noted the town by-law concerning the circumstances in which debate could be limited and stated that he had not interpreted that by-law to apply to a motion to put the previous question.  He reasonably inquired of the voter whether she was moving to put the previous question and noted that such a motion was not debatable.  The voter indicated that she was moving the previous question — "that we put the article to a vote now, Mr. Moderator," The motion was seconded.[5]

We reject the plaintiffs' argument that the moderator demonstrated bias by explaining the circumstances and seeking clarification of the voter's intentions.  His description of the applicable principles was wholly appropriate.

[5]A motion to put the previous question has an arbitrary quality.  If passed, it completely stifles debate.  No doubt the requirement of a two-thirds vote for passage of a motion to put the previous question has been imposed in order to assure that a substantial number of the voters really do not want to hear another word on the subject.  On the other hand, some procedure to limit debate may be necessary on occasion to permit a town meeting to conduct its business reasonably.  The Canton by-law discussed below, concerning limiting debate by vote of the town meeting, may not serve such a purpose because by custom in Canton such a motion is itself debatable.  But see Town Meeting Time § 43, where such a motion is said not to be debatable.

The plaintiffs' argument that the moderator unlawfully repudiated prior agreements concerning the presentation of the opponents' position misconceives the method by which town meetings are conducted. Before the meeting, the moderator had discussed with the opponents of article 15 various procedures for the orderly presentation of their position. Such preliminary preparation often contributes constructively to the disposition of town meeting business. However, the town meeting, and not the moderator, has the ultimate power to decide how to proceed. All discussion of warrant articles, absent a statute or town by-law to the contrary, is subject to the possibility at any time that someone will make a preemptive motion to put the previous question (i.e., move to vote immediately on a motion before the meeting). Such a motion is traditionally not debatable, must be voted on forthwith (assuming no motion of higher rank is made), and requires a two-thirds vote. Town Meeting Time § 44.

The moderator was reasonable in concluding that the motion concerning whether nonvoters could speak was preempted by the motion to put the previous question on the main motion under article 15. If the meeting decided to vote on the merits of article 15 forthwith, the question whether nonvoters could speak would be of no significance.[6]

The moderator put the motion to put the previous question to a voice vote and was in doubt whether two-thirds of the voters had voted to close all discussion. He called for a show of hands, concluded that the two-thirds requirement was met, and so announced. His declaration of the result was immediately doubted by seven or more voters (see G. L.

---

[6] An unqualified motion to put the previous question relates to the question immediately pending. Town Meeting Time § 44, at 98. Here, however, the motion was qualified and was directed to the original, or main, motion to act favorably on article 15. A motion to put the previous question as to the main motion appears to be acceptable in these circumstances. Id. Town Meeting Time § 38, at 86. It made practical sense to put aside the motion then before the meeting and to act on the motion to put the previous question in the form presented, which, if passed, would render the more recent pending motion irrelevant.

c. 39, § 15), and a head count, with tellers, was conducted. The vote was 744 to 269 to dispense with discussion. The main motion to amend the zoning law was then voted on by written ballot (as previously agreed by the meeting) and was passed by a vote of 805 to 316. At a subsequent session a motion to reconsider that vote failed.

The plaintiffs have failed to demonstrate that the moderator acted other than in good faith in the conduct of the proceedings concerning article 15. We turn then to the plaintiffs' claims concerning the town by-law and the denial of their constitutional rights.

2. There is a recognized distinction between a motion to put the previous question and a motion to limit debate. The former raises the question whether the meeting will vote immediately; the latter deals with the question of how long the meeting will discuss the subject at hand. For many years[7] Canton has had a by-law that provides that "[d]ebate may be closed at any time not less than ten minutes from the adoption of a motion to that effect." From affidavits of the current and former moderators, it appears that the Canton town meeting has consistently recognized a distinction between a motion to put the previous question and a motion to limit debate. This tradition of the town meeting is entitled to great weight in determining the scope of the by-law. See Town Meeting Time § 3, at 11. In light of Canton's specific recognition of the distinction, including its special practice of allowing debate on a motion to limit debate (see note 5, *supra*), the moderator properly accepted the motion to put the previous question when he did.

The plaintiffs' claim that a motion to put the previous question cannot be made until there has been some discussion or debate is simply wrong. Such a motion means that the moving party "has heard all the talk he wants to hear on the pending question and desires to vote on it immediately."

---

[7] The record does not indicate when the by-law was adopted. From references to amendments in the by-law it may be inferred that the by-law has been in effect at least since 1951.

Town Meeting Time § 44, at 97. Such a person may want to hear nothing beyond the main motion or, as here, only the planning board's recommendation and the finance committee's support of it.

3. The plaintiffs argue that some deliberation is constitutionally required when one or more persons wish to speak on a warrant article. They rely on art. 19 of the Declaration of Rights of the Constitution of the Commonwealth which provides that "[t]he people have a right, in an orderly and peaceable manner, to assemble to consult upon the common good."[8] There is a right to "consult upon the common good," but there is no constitutional right to insist that there be debate when, in the proper course of town meeting procedures, the meeting determines to terminate or forgo discussion.[9]

The plaintiffs' argument, if accepted, would raise serious questions as to how much discussion or debate would be necessary to meet the asserted constitutional standard and whether anyone could be foreclosed from speaking who

---

[8] They also point to art. 2 of the Amendments to our Constitution, as appearing in art. 89, § 8, of said Amendments, concerning representative town meetings, which, at most, inferentially provides that representative town meeting members must "*deliberate*, act and vote in the exercise of the corporate powers of the town" (emphasis supplied). This provision has no direct application to Canton, which has an open town meeting. In any event, the authors of Town Meeting Time rejected the argument that the use of the previous question would violate the former constitutional provision (art. 70 of the Amendments) concerning the right of representative town meeting members to "deliberate." "[T]his argument is opposed by what is probably the preponderance of the practice." Town Meeting Time § 44, at 98.

[9] In *Opinion of the Justices*, 229 Mass. 601, 607-610 (1918), the Justices stated that the Legislature could not constitutionally authorize a limited, or representative, town meeting under the Constitution as it then existed. The Justices concluded that each qualified inhabitant had the indisputable constitutional right to vote and to discuss every question presented to a town meeting. The basic question presented there, and answered in the negative, was whether an absolute ban on voting and participation by a portion of the voters of a town was constitutionally permissible. Nothing in that opinion dealt with the question whether a voter who had a right to participate could be barred from speaking at a town meeting because the meeting chose to vote rather than to debate.

wanted to. In the present case, the matter had been fully aired at a special town meeting in 1977 and discussed at a statutory planning board hearing (G. L. c. 40A, § 5) before the 1978 annual town meeting. Even if there were a constitutional right to discussion, there had been a sufficient opportunity for it. A reading of the transcript of the town meeting shows that the vast majority of the voters present had made up their minds and were ready to vote. It would be a disservice to the effective operation of the town meeting system, which grants to each town great discretion to choose its procedures, to compel discussion when more than two-thirds of the voters do not want it and no by-law or statute requires it.

4. Judgment shall be entered, in accordance with this opinion, declaring that the amendment of the Canton zoning by-law voted under article 15 of the warrant for the 1978 annual town meeting was lawfully adopted in so far as the procedures followed at that meeting are concerned.

*So ordered.*