MAYOR OF NEW BEDFORD & another[1] *vs.* CITY COUNCIL OF
NEW BEDFORD & another.[2]

Bristol.  November 10, 1981. — February 26, 1982.

Present: PERRETTA, DREBEN, & KASS, JJ.

*Municipal Corporation,* Officers and employees, Mayor, City council.
*New Bedford.  Words,* "Department."

An ordinance passed by the city council of New Bedford over the veto of
the mayor providing for appointment of a clerk of committees by the
city council did not violate the provision of G. L. c. 43, § 60, that, in
a Plan B city, the mayor is to appoint all heads of "departments."
[252-254]

The city council of New Bedford has implicit authority to make such ap-
pointments as are necessary to carry on its legislative responsibilities,
subject to such appropriation and other powers as may be held by the
mayor.  [254-256]

In an action challenging the validity of an ordinance passed by the city
council of New Bedford providing for appointment by the council of a
clerk of committees, the record on appeal showed no conflict between
the ordinance and the civil service statutes.  [256-257]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 18, 1980.

The case was heard by *Silva,* J., a District Court judge sit-
ting under statutory authority.

*Philip N. Beauregard,* City Solicitor, for the plaintiffs.
*Richard A. Bachand* for the defendants.

DREBEN, J.  In May, 1979, the New Bedford city council
passed an ordinance over the veto of the mayor of the city
which provided for the appointment of the clerk of commit-
tees by the city council.  Section 2-201 of the Code of the

---

[1] City of New Bedford.

[2] Maryanne Moses.

City of New Bedford (code) prior to the 1979 ordinance[3] provided that such appointment was to be made by the mayor subject to confirmation by the city council. The ordinance became effective January 1, 1980, and the defendant Maryanne Moses was appointed clerk of committees by the city council during the week of January 7, 1980. Prior to that time, the mayor, as alleged in the plaintiffs' complaint, had appointed another person "on the premise that the ordinance in question is not valid and that the office had to be validly filled."

In this action the plaintiffs seek to preclude the defendant Moses from acting as clerk of committees and also seek a declaration that the 1979 ordinance is invalid. Their primary claim is that the ordinance contravenes G. L. c. 43, § 60, which provides that in a Plan B city such as New Bedford (see G. L. c. 43, §§ 1-45, §§ 56-63), the mayor is to appoint all heads of departments, subject to confirmation by the city council. After a jury-waived trial, the trial judge held that the clerk of committees is not a head of a department within the meaning of G. L. c. 43, § 60, and that the plaintiffs were not entitled to relief. We agree with the judge's determination. A judgment entered dismissing the complaint with prejudice. Since this action sought declaratory relief, a judgment declaring the rights of the parties is to be entered. See point 5, *infra.*

1. *The clerk of committees is not a department head.* The principal duties of the office of the clerk of committees are set forth in § 2-202 of the code, a section unchanged by the 1979 ordinance. According to undisputed testimony, the duties set forth in § 2-202 constituted ninety percent of the activities of the office of the clerk of committees. The enumerated responsibilities contained in that section are: to "serve notices of all regular and special meetings of the city council"; to serve as "clerk of all committees . . . of the city council"; to "make proper records . . . of all proceedings and transactions of said committees"; to have the "custody

---

[3] New Bedford Rev. General Ordinances, tit. 2, c. 2 (1963).

of all books and papers" of said committees; and to "cause notice of meetings to be served upon members of all committees."

The remaining duties of the clerk of committees prior to the 1979 ordinance were to maintain a central mailing office for all outgoing mail from municipal departments which had offices in the municipal building (§ 2-203); to be responsible for the printing of the mayor's inaugural address (§ 2-204); to receive copies of department reports (§ 2-205); and to prepare and distribute specified city documents (§ 2-206).

The 1979 ordinance amended §§ 2-203, 2-205 and 2-206 to provide that the mailing and other duties to be performed by the clerk of committees under those sections prior to the code's amendment were to be the responsibility of the mayor's office.[4]

The duties of the clerk as set forth in § 2-202, and the elimination by the 1979 ordinance of all other duties which could be deemed to pertain to the executive or administrative functions of city government left the position of clerk of committees as one established exclusively to assist the conduct of the legislative branch of the city government. This case is, therefore, quite different from those which involve "employees or officers in ordinary city departments" or those who perform "the usual municipal functions." *Daly* v. *Mayor of Medford*, 241 Mass. 336, 338 (1922). The fact that officials of New Bedford treated the office of the clerk of committees as a department for fiscal or other purposes is not of significance. What is important is that we are concerned with a "special officer" of the city council, the "legislative department of the government of the city. It is correlative to the executive department of which the mayor is the head." *Id.*

---

[4] Although the plaintiffs in their brief state that it is "questionable" whether the city council can impose on the mayor these duties (which were ten percent of the activities of the clerk's office), they do not separately challenge these sections of the 1979 ordinance. We do not pass upon their validity.

Other cases have also contrasted administrative or executive departments with the two branches of city government. In *King* v. *Mayor of Quincy*, 270 Mass. 185, 187 (1930), the Supreme Judicial Court construed the term "heads of departments" within the meaning of G. L. c. 43, § 52, the section applicable to Plan A cities comparable to G. L. c. 43, § 60. It held that the word "department" as used in G. L. c. 43, § 52, "is not restricted to the two basic departments of a municipality — the legislative and the executive. On the contrary it applies to the 'executive and administrative departments,' among which executive and administrative functions are distributed." See also *Shea* v. *Inspector of Buildings of Quincy*, 323 Mass. 552, 558 (1949). More recently, the Supreme Judicial Court has held invalid an ordinance attempting to limit the powers of the mayor of Boston to appoint his staff and fix the compensation of his employees, saying: "The mayor's office is not a 'department or agency' subject to reorganization by the city council; it is a separate branch of city government." *City Council of Boston* v. *Mayor of Boston*, 383 Mass. 716, 722-723 (1981). The city council is equally a separate branch of city government. Accordingly, we hold that its officers and employees are not a department for the purposes of G. L. c. 43, § 60.

2. *Power of city council to make appointments.* The legislative powers of the city of New Bedford are vested in the city council (G. L. c. 43, § 59). In some charters there is a specific grant to the legislative department of the city to "appoint such assistant clerks and other officers as may be necessary for the proper conduct of its business." See, for example, the city charter of Medford, St. 1903, c. 345, § 11, construed in *Daly* v. *Mayor of Medford*, 241 Mass. at 337.

General Laws c. 43 does not expressly grant to the city council the authority to appoint administrative assistants and other employees as may be necessary for the proper conduct of its business. The only specific appointment power given to the city council is contained in G. L. c. 43, § 18,

authorizing the appointment of a city clerk. The absence of a specific grant of authority is, however, not indicative that the city council lacks appointment power. See *Attorney Gen.* v. *Tillinghast,* 203 Mass. 539, 545-546 (1909).

In addition to vesting the legislative power of the city in the city council, the Legislature has, in G. L. c. 44, specifically charged the city council with significant budgetary responsibilities (see G. L. c. 44, §§ 32, 33, 33A). "These grants of authority and responsibility to the [city council] necessarily imply . . . power to carry out the authority expressly conferred." *City Council of Boston* v. *Mayor of Boston,* 383 Mass. at 721 (discussing the powers of the mayor). There is nothing in G. L. c. 43 to the contrary. Indeed, § 3 of G. L. c. 43 provides that "[n]one of the legislative powers of a city shall be abridged or impaired by this chapter." The Supreme Judicial Court has implied that appointment powers for legislative functions reside in the legislative branch of city government. See *King* v. *Mayor of Quincy,* 270 Mass. at 187-188. See also *Attorney Gen.* v. *Tillinghast,* 203 Mass. at 546; *Daly* v. *Mayor of Medford,* 241 Mass. at 338-339.

General Laws c. 31, § 48, is also a legislative indication of this power. That statute is similar to the statute relied on in *City Council of Boston* v. *Mayor of Boston,* 383 Mass. at 718-719, to support the conclusion that the mayor of Boston has authority to make staff appointments and determine their salaries. Recognizing the needs of the two branches of city government for staffing flexibility, see *City Council of Boston* v. *Mayor of Boston, supra* at 721, G. L. c. 31, § 48, exempts from civil service "administrative assistants, secretaries, stenographers, clerks, telephone operators and messengers connected with the offices of *city councils,* mayors, city managers, town managers and selectmen"[5] (emphasis supplied).

We see no policy reason why the city council may not determine that the clerk of committees, a position in fact

---

[5] As inserted by St. 1978, c. 393, § 11.

legislative, should be subject only to the appointing authority of the city council. As sometimes happens, and has happened in this case, a mayor and a city council may be at odds as to who should be appointed to a particular position. To require, as suggested by the plaintiffs, that staffing for the legislative branch of the city government be initiated by the mayor is not conducive to the efficient functioning of city government.

We conclude, therefore, that implicit in New Bedford's charter provisions, and recognized in G. L. c. 31, § 48, is the authority of the city council to make such appointments as are necessary to carry out its legislative responsibilities, subject, however, to such appropriation and other powers as may be held by the mayor. See G. L. c. 44; see also *Sherriff* v. *Mayor of Revere*, 355 Mass. 133, 137 (1969). Compare *Flood* v. *Hodges*, 231 Mass. 252, 257 (1918); *Daly* v. *Mayor of Medford*, 241 Mass. at 338-339.

3. *Civil service.* The plaintiffs also argue that the city council, when acting under G. L. c. 43, § 5, may not "authorize any action in conflict with c. 31." Although the plaintiffs claim that § 2-201 of the 1979 ordinance is contrary to the civil service laws, their contentions are not specific.[6] Assuming, for purposes of this argument, that the ordinance is a reorganization under G. L. c. 43, § 5, and assuming also that the mayor has standing to raise the rights of the employees of the office of the clerk of committees,[7]

---

[6] Their purported explanation is as follows: "If the ordinance is viewed as having transferred civil service clerks into the mayor's office, it violated c. 31, § 48, which exempts persons employed in the mayor's office from civil service laws. No notice or hearing were accorded these clerks under §§ 35 and 41 (Chapter 31). . . . If the clerks are not deemed to be transferred, then either their positions are abolished, or they remain in the clerk's office (and need a department head). Whatever view is taken of the clerk's status under the questioned ordinance, some general law has been violated."

[7] The office of the clerk of committees has three administrative subordinates who, according to testimony of the director of labor relations and personnel for the city, were "designated civil service appointees." The director testified that the designation was made by normal requisition and

but see *Police Commr. of Boston* v. *Boston*, 279 Mass. 577, 583-584 (1932), we hold on this record that no conflict with G. L. c. 31 has been shown.

4. *Cross appeal by the defendants.* There is one additional matter before us. The defendants by cross appeal seek an injunction ordering the mayor to remove his appointee from the position of clerk of committees and for other orders. We decline to order injunctive relief and instead follow the practice of declining to order public officials to act when their duties have been judicially defined. See *Boston Teachers Local 66* v. *School Comm. of Boston*, 370 Mass. 455, 471 (1976) ("[W]e assume that public officials will act in conformity with the court's determination of their obligations").

5. *Judgment.* Since the plaintiffs sought declaratory relief, dismissal of the complaint was not appropriate. *MacKeen* v. *Canton*, 379 Mass. 514, 516 n.3 (1980). Judgment shall be entered in accordance with this opinion declaring that the city council has the authority to appoint the clerk of committees pursuant to § 2-201 of the Code of the City of New Bedford as amended by the 1979 ordinance.

*So ordered.*

---

not as a result of special petition. Assuming that these employees have civil service status, but see G. L. c. 31, § 48, there has been no showing on the record before us that any of the rights of these employees have been impaired.